**NEW YORK UNDERWRITERS INSURANCE COMPANY, Appellant,**

v.

**Clarence G. EHLINGER, Appellee.**

**No. B2269.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 30, 1980.

James H. Limmer, Tekell, Book & Matthews, Houston, for appellant.

W. B. Edwards, Houston, for appellee.

Before COULSON, SALAZAR and JU-NELL, JJ.

JUNELL, Justice.

This case presents the question of whether the trial court properly dismissed for lack of jurisdiction an appeal by the worker's compensation insurer from an Industrial Accident Board award (hereinafter IAB or the Board). The Board awarded death benefits to appellees, the statutory beneficiaries of the deceased worker, Clarence G. Ehlinger. We hold that the trial court lacked jurisdiction and affirm the dismissal.

Appellant New York Underwriters' original petition was timely filed in the district court, but named only Clarence Ehlinger, the deceased, as defendant. After the last date for timely filing an appeal from the IAB award, the appellant filed an amended petition naming as defendants the actual beneficiaries, the widow and two children of the deceased, the appellees before this court. Appellees moved to dismiss for lack of jurisdiction. They claim that the petition naming the deceased was a nullity and insufficient to confer jurisdiction over the widow and children. They further contend that the amended petition naming the proper defendants was not timely filed within the statutory limitation period and, thus, the trial court lacked jurisdiction.

■ Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (Vernon Supp.1980) states very clearly, in mandatory terms, that an appeal from a Board award *shall* be filed within twenty (20) days after the dissatisfied party has given the statutory notice of appeal to the Board. The Texas Supreme Court recently acknowledged the mandatory character of the twenty day filing deadline in the case of *Standard Fire Ins. Co. v. La Coke*, 585 S.W.2d 678 (Tex.1979). The court stated that the "[f]ailure to file within the statutory period leaves the court without jurisdiction over the case." 585 S.W.2d at 680. This language indicates that the twenty day deadline is a self-executing jurisdictional cut-off, rather than a traditional limitation period which must be raised as an affirmative defense to avoid waiver.

■ Appellant attempts to avoid the effect of its failure to timely file against the beneficiaries by calling the original petition a "misnomer" of parties. This is not a correct interpretation of the law of parties. When a plaintiff sues and obtains service on the wrong party, it is a case of mistaken identity; and the applicable statutory period continues to run until the plaintiff files an amended petition to bring the proper party into the lawsuit. In such an instance the defendant is under no duty to notify the plaintiff of his mistake. *Braselton-Watson Builders, Inc. v. Burgess*, 567 S.W.2d 24 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e).

■ We hold that the petition filed naming only the deceased as defendant was insufficient to confer jurisdiction over the beneficiaries. The petition naming the beneficiaries, filed after the twenty day appeal period had expired, did not confer jurisdiction over appellees; thus, they never became parties to the appellant's suit. The Texas Supreme Court has announced the rule that those parties to the Board's award who do not become parties to the suit to set it aside are entitled to stand on the award. *Latham v. Security Insurance Co. of Hartford*, 491 S.W.2d 100 (Tex.1972).

Appellant's point claiming error in the dismissal is overruled; the order of the trial court dismissing New York Underwriters' case for want of jurisdiction is affirmed.

We have considered appellant's other point of error; and, finding it without merit, it is overruled.

Affirmed.