**TEXAS A & M UNIVERSITY AT COLLEGE STATION by the UNIVERSITY OF TEXAS SYSTEM, Appellant,**

v.

**Pete YBARRA, Appellee.**

**No. C14–83–150CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 8, 1983.

Rehearing Denied Jan. 12, 1984.

Jim Mattox, Atty. Gen., Lou McCreary, Chief, State and County Affairs, Jeanne L. Nolan, Asst. Atty. Gen., Austin, for appellant.

W. Stephen Rodgers, Gandy, Caperton & Rodgers, Bryan, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

MURPHY, Justice.

The only issue raised by this appeal is whether the trial court properly dismissed for lack of jurisdiction an appeal by *"Texas A. & M. University at College Station by The University of Texas System"* (appellant) from an Industrial Accident Board (I.A.B.) award in favor of Pete Ybarra (appellee). We hold the trial court erred in dismissing the suit for lack of jurisdiction.

Appellant's original petition was timely filed within the twenty (20) day limitation period imposed by Article 8307, Tex.Rev. Civ.Stat.Ann. art. 8307, § 5 (Vernon Supp. 1982–1983), but was erroneously styled, *"Texas A. & M. University at College Station by The University of Texas System vs. Pete Ybarra."* Eighteen days after the last day for timely filing an appeal from the I.A.B. award, appellant filed an amended petition naming as plaintiff *"Texas A. & M. University at College Station."* The trial court granted leave to file the amended petition. Appellee then moved to dismiss for lack of jurisdiction contending that the filing of the original petition was in the name of *"The University of Texas System"* which was the wrong party and constituted a mistake of law. Appellee further contends that when the wrong plaintiff files suit the twenty (20) day period of limitation is not tolled, but continues to run until the correct plaintiff files an amended original petition and brings in the correct party plaintiff. Thus, the amended petition naming *"Texas A. & M. University at College Station"* as plaintiff was not timely filed within the limitation period and, thus, the trial court lacked jurisdiction. We disagree.

When we consider the four corners of appellant's original petition, we see that the "real party plaintiff" or "intended plaintiff" was not The University of Texas System, but Texas A. & M. University at College Station. The original petition allegations refer to a specifically numbered and styled cause before the I.A.B. in which Pete Ybarra is the employee claimant, and *"Texas A. & M. University System"* is the self-insured employer. The original petition also states that within twenty days after the rendition of the award, plaintiff gave notice in writing to the I.A.B. that it would not consent to abide by the award. By considering the original petition in its entirety and construing it as favorably as possible for the pleader, there can be no doubt that the purpose of this suit is the appeal of a specific workers' compensation award in favor of Pete Ybarra against *"Texas A. & M. University System."*

It is well settled that Article 8307, Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (Vernon supp. 1982–1983), creates a mandatory limitation period that must be complied with in order to invoke the jurisdiction of the district courts. *Standard Fire Ins. Co. v. La Coke,* 585 S.W.2d 678 (Tex.1979). It is also the rule in this state that the mere misnaming of a plaintiff in an original petition does not prevent the tolling of a statute of limitations by the filing; and that a misnomer is properly correctable by an amended petition, even after the running of the time prescribed in the statute. *Womack Machine Supply Co. of Houston v. Fannin Bank,* 504 S.W.2d 827 (Tex.1974). The part of the style in appellant's original petition that reads *"by The University of Texas System"* is surplusage and constitutes a misnomer.

Appellant's attempt to correct the misnomer, by amending its original petition naming "*Texas A. & M. University At College Station*" as plaintiff, did not eliminate all of the surplusage. Pursuant to Section 86.02 of the Texas Education Code, Tex.Educ. Code Ann. § 86.02 (Vernon 1972), the plaintiffs correct name is "*Texas A. & M. University.*" The portion of the style that reads "*at College Station*" is mere surplusage. This surplusage constitutes a misnomer as opposed to mistaken identity, thereby tolling the twenty (20) day limitation period within which to appeal an I.A.B. award.

We therefore hold that Texas A. & M. University was in truth and in fact the plaintiff in the original petition; and since such petition was timely filed, the trial court had jurisdiction.

We reverse the trial court's order of dismissal and remand the cause for trial on the merits.

Reversed and Remanded.