## The CHARTER OAK FIRE INSURANCE COMPANY, Appellant,

v.

## Pamela Chambers GORMAN, Individually and as Next Friend of Amanda Marie Gorman, a Minor, Appellee.

### No. A14–85–109CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 23, 1985.

Rehearing Denied June 20, 1985.

John C. Allen, Houston, for appellant.

Clinard J. Hanby, Jan Wardward Fox, Haynes & Fullenweider, Van E. Wittner, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a Motion for Summary Judgment granted in favor of appellees. The trial court found that appellant failed to comply with the requirements of Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (Vernon Supp.1985), by failing to institute a suit against appellees within the specified time limitations. We affirm.

On August 4, 1982, Dale Owen Gorman died from injuries sustained in an automobile accident while he was in the course and scope of his employment with Tenneco, Inc. Appellant, The Charter Oak Fire Insurance Company, was Tenneco's Workers' Compensation carrier. On September 1, 1982, the Industrial Accident Board entered an award in favor of appellees, Pamela Chambers Gorman individually and as next friend of Amanda Marie Gorman. Appellant timely filed its notice of intent to appeal the award on September 20. Its Original Petition was also timely filed on October 4, but named only Dale Owen Gorman, the deceased, as defendant. No service was obtained on appellant's Original Petition. On October 21, eleven days after the limitations period had expired, appellant amended its petition, naming as defendants "Dale Owen Gorman, Deceased, by and through Pamela Chambers Gorman, Administratrix of the Estate of Dale Owen Gorman, and next friend of Amanda Marie Gorman, a minor." Pamela Chambers Gorman, individually, was never named as a defendant.

In its first, second and fourth points of error appellant argues that the trial court erred in granting appellees' Motion for Summary Judgment because the requirements of art. 8307, § 5 had been satisfied by the timely filing of appellant's Original Petition; and, having timely filed its petition, appellant contends that it may cure defects in the pleading by amendment, so long as the parties to the suit are not misled.

■ Art. 8307, § 5 makes the filing of an appeal from a Board award mandatory within twenty days of notice to the Board of intent to appeal. The pertinent provision is as follows:

> Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit ... to set aside said final ruling and decision.... If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto....

The Texas Supreme Court has recognized the mandatory and jurisdictional nature of the twenty-day limitations period. *Standard Fire Insurance Co. v. La Coke*, 585 S.W.2d 678, 680 (Tex.1979); *Richards v. Consolidated Underwriters*, 411 S.W.2d 436, 437 (Tex.Civ.App.—Beaumont 1967, writ ref'd). Appellant argues that it satisfied the requirements of art. 8307, § 5 by timely filing its Original Petition, even though that petition failed to identify appellees as defendants in the suit. Appel-

lant relies on *Ealey v. Insurance Co. of North America,* 660 S.W.2d 50 (Tex.1983), to support its contention that, so long as the other party is not misled as to the facts and the nature of the suit, an amendment filed after the twenty-day deadline correcting a misnomer is not barred by the limitations period. Appellant's reliance on *Ealey* is misplaced, since that case and the one before us can be distinguished on their facts.

 In *Ealey,* the plaintiff insurance carrier misnamed itself in its original petition to set aside the Board's award, but correctly served the proper defendant, who then filed an answer in response to the suit. However, the case before us is not in the nature of a misnomer; rather, it is a case of mistaken identity. The appellant simply failed to sue the correct parties in interest. The case which controls this situation is *New York Underwriters Insurance Co. v. Ehlinger,* 593 S.W.2d 432 (Tex. Civ.App.—Houston [14th Dist.] 1980, no writ). In that case this court held that a "petition filed naming only the deceased as defendant was insufficient to confer jurisdiction over the beneficiaries. The petition naming the beneficiaries, filed after the twenty day appeal period had expired, did not confer jurisdiction over appellees; thus, they never became parties to appellant's suit." *Id.* at 433. The facts in *Ehlinger* and in the case at bar are identical, and we find no justification for arriving at a different result. Appellant's first, second and fourth points of error are overruled.

 Appellant contends in point of error three that the summary judgment was improper because its Original Petition was consistent with the Board award, it apprised appellees of the nature of the lawsuit and it was consolidated with a suit to mature the award. First, appellee Pamela Chambers Gorman is entitled to judgment on the Board award because she was never made a party to the suit to set it aside. *Latham v. Security Insurance Co. of Hartford,* 491 S.W.2d 100, 105 (Tex.1972). Second, the necessity of bringing appellees into the lawsuit within twenty days of no-

tice of appeal was simply not accomplished. As we have discussed earlier in this opinion, the time limitations are mandatory. Appellant claims appellees cannot complain of jurisdiction if they voluntarily bring themselves into court; i.e., if they agree to consolidate the two cases. However, on the expiration of the twentieth day following notice of appeal, no lawsuit being on file against appellees to contest the award, the award became final and binding upon the parties. Art. 8307, § 5. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.