**TEXAS CATASTROPHE PROPERTY INSURANCE ASSOCIATION et al., Petitioners,**

v.

**COUNCIL OF CO-OWNERS OF SAIDA II TOWERS CONDOMINIUM ASSOCIATION et al., Respondents.**

No. C-4576.

Supreme Court of Texas.

March 5, 1986.

Rehearing Denied April 23, 1986.

Jim Mattox, Atty. Gen., Allene D. Evans, Office of the Atty. Gen., David C. Duggins, Clark, Thomas, Winters & Newton, Austin, for petitioners.

Stephen Curtis Bonner, Jr., Harlingen, Guy Cade Fisher, Fisher & Cook, Austin, for respondents.

OPINION

HILL, Chief Justice.

Various property owners insured by the Texas Catastrophe Property Insurance Association seek review of an order of the State Board of Insurance denying them recovery for damage done to their property by Hurricane Allen. Each claimant filed a petition in a Travis County District Court seeking "trial de novo" review of the State Board of Insurance's decision. The trial court dismissed each case for want of jurisdiction because the property owners had failed to join the State Board of Insurance as a party-defendant within the time required by the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat. Ann. art. 6252–13a, § 19(b) (Vernon Supp. 1986). The court of appeals reversed and remanded, holding that the State Board of Insurance had no authority to hear the

property owners' claims and that the trial court had jurisdiction of the "common law" claims asserted by the property owners. 696 S.W.2d 60. We reverse the judgment of the court of appeals and affirm the trial court's judgment.

The TCPIA was created by the Texas Legislature in 1971, pursuant to the Texas Catastrophe Property Insurance Pool Act, to provide, among other things, insurance for property owners in designated areas of the State of Texas where risk of hurricane is great. *See Beacon National Insurance Co. v. Texas State Board of Insurance,* 582 S.W.2d 616, 617 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.), *cert. denied,* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 33 (1980). *See also* Tex.Ins. Code Ann. art. 21.49, § 1 (Vernon 1981). Pursuant to the Texas Catastrophe Property Insurance Pool Act, the State Board of Insurance has designated fourteen Texas counties along or near the Gulf Coast as the catastrophe area. TCPIA membership is required of all insurance companies authorized to write property insurance in Texas, with certain limited exceptions. *Id.* § 4.

A complex formula for the allocation of risk of loss among TCPIA members is outlined in the Texas Catastrophe Property Insurance Pool Act. *Id.* § 5(c) (Vernon Supp.1986). A particular member's allocation increases in proportion to the amount of certain types of insurance written outside the catastrophe area by the member, and decreases in proportion to that member's voluntary writing of windstorm policies within the catastrophe area.

The Texas Catastrophe Property Insurance Pool Act requires the State Board of Insurance to supervise all of TCPIA's operations and gives it the general authority to "issue any orders which it considers necessary to carry out the purposes of this Act." *Id.* § 5A(a) (Vernon 1981). Additionally, the State Board of Insurance is given the authority to hear appeals by "[a]ny person insured pursuant to this Act ... who may be aggrieved by an act, ruling or decision of the [TCPIA]...." *Id.* § 9.

Each of the claimants herein, insured by the TCPIA, timely filed appeals to the State Board of Insurance after the TCPIA refused to compensate them for damage to their properties caused by Hurricane Allen. The State Board of Insurance subsequently issued final orders holding that one claimant was entitled to recover $12,371.75 and that the others were not entitled to recover on their policy claims. Within thirty days after their motions for rehearing had been overruled by the State Board of Insurance, each claimant filed a petition in Travis County District Court seeking de novo review of the State Board of Insurance's decision. The TCPIA was the sole defendant named in each petition. The TCPIA filed a general denial and a plea to the jurisdiction in each case on the grounds that each claimant's petition failed to name the State Board of Insurance as defendant, as required by Tex.Ins.Code Ann. art. 1.04(f) (Vernon 1981). Each claimant then filed an amended petition naming the State Board of Insurance as a defendant. The State Board of Insurance answered with a plea to the jurisdiction, contending that claimants failed to name it as a party-defendant within the time required by the APTRA. Tex.Rev.Civ.Stat.Ann. art. 6252-13a, § 19(b) (Vernon Supp.1986). The trial court sustained the TCPIA's and the State Board of Insurance's pleas and dismissed each case for want of jurisdiction. The cases were subsequently consolidated on appeal.

When the Legislature creates an administrative agency, it may also prescribe rules and regulations governing the administrative body and the method by which the rights determined by such body will be enforced, including the procedures for obtaining judicial review of final agency decisions. *See City of Amarillo v. Hancock,* 150 Tex. 231, 234, 239 S.W.2d 788, 790 (1951); *Rowden v. Texas Catastrophe Property Insurance Association,* 677 S.W.2d 83, 87 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

The Legislature has done precisely this with regard to the State Board of

Insurance's supervision of the TCPIA, by (1) creating the TCPIA, (2) creating the claimant's right to participate in the windstorm plan, (3) authorizing the State Board of Insurance to administer the windstorm plan, and (4) creating the right and procedure to contest claims decisions made under the statutory plan. Tex.Ins. Code Ann. art. 21.49, §§ 1, 4(a), 5A(a), 6, and 9 (Vernon 1981). We have long recognized that if a cause of action and remedy for its enforcement are derived not from the common law but from a statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable. *Mingus v. Wadley,* 115 Tex. 551, 558, 285 S.W. 1084, 1087 (1926); *Alpha Petroleum Co. v. Terrell,* 122 Tex. 257, 265–66, 59 S.W.2d 364, 367–68 (1933). *Accord Merida v. Texas Municipal Retirement System,* 597 S.W.2d 55, 57 (Tex.Civ.App.—Austin 1980, no writ). The right of a property owner in the catastrophe area to participate in the windstorm insurance plan and to obtain any benefit from the plan does not derive from the common law, but rather solely from the provisions of the Texas Catastrophe Property Insurance Pool Act. We therefore hold that, in seeking to enforce rights to such statutory insurance benefits, the insured must comply with the Insurance Code and the APTRA. *See Mingus v. Wadley,* 115 Tex. at 557–58, 285 S.W. at 1087.

The APTRA sets forth the procedure for the institution of an administrative appeal, which controls unless otherwise provided by statute. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19 (Vernon Supp.1986). Section 19(b) provides that "[p]roceedings for review are initiated by a petition [filed in a District Court of Travis County, Texas] within thirty days after the decision complained of is final and appealable." *Id.* § 19(b). The Insurance Code mandates additional procedures applicable to appeals from final decisions of the State Board of Insurance. Article 1.04(f) of the Insurance Code reads:

> If any ... party at interest be dissatisfied with any decision, regulation, order, rate, rule, act or administrative ruling adopted by the State Board of Insurance, such dissatisfied ... party at interest after failing to get relief from the State Board of Insurance, may file a petition setting forth the objection to such decision, regulation, order, rate, rule, act or administrative ruling ... in the District Court of Travis County, Texas, and not elsewhere, against the *State Board of Insurance* as defendant.

Tex.Ins.Code Ann. art. 1.04(f) (Vernon 1981) (emphasis added). The Texas Catastrophe Property Insurance Pool Act, which created the TCPIA, authorizes "the person aggrieved by any order or decision of the [State Board of Insurance to] appeal to the District Court of Travis County, Texas, and not elsewhere, in accordance with Article 1.04(f) of the Insurance Code of Texas." *Id.* art. 21.49, § 9. Because the Legislature has prescribed the method for review of administrative action, that method must be followed to invoke the trial court's jurisdiction. *See Lambeth v. Texas Unemployment Compensation Commission,* 362 S.W.2d 205, 206–07 (Tex.Civ.App.—Waco 1962, writ ref'd).

In the present case, the claimants did not follow the statutory procedure for review set forth above. Their original petitions, although filed within thirty days of the State Board of Insurance's final decision, failed to name that agency as a party-defendant. The transcript reflects that the claimants, in their first amended original petitions, eventually did join the State Board of Insurance as a defendant, but this pleading was filed after the thirty-day limitation period set forth in APTRA § 19(b) had expired.

It is well established that a party pursuing an administrative appeal from an agency's decision must name the defendant mandated by statute as a party within the time limit set forth in order to invoke the trial court's jurisdiction. *See, e.g., Lambeth,* 362 S.W.2d at 205, 206–07. In *Lambeth,* an employee commenced an action against the Unemployment Compensation Commission within the ten-day statutory

period, but first joined his employer, a party to the Unemployment Compensation Commission's proceedings, as a party by amended pleading *after* that period had expired. The statute in question required that "any other party to the proceeding before the Commission shall be made a defendant." *Id.* at 206. The *Lambeth* court upheld the trial court's dismissal of the employee's appeal because the employee failed to join his employer as a defendant within the ten-day period. *Id.* at 206–07. *Accord Charter Oaks Fire Insurance Company v. Gorman*, 693 S.W.2d 686, 687–88 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). It is equally clear that the petition may not be amended thereafter to cure the jurisdictional defect. *Lambeth*, 362 S.W.2d at 206–07; *Gorman*, 693 S.W.2d at 687–88.

The claimants contend, however, that the TCPIA is an arm of the State Board of Insurance and that suit against the TCPIA is tantamount to a suit against the State Board of Insurance; therefore, they have complied with the APTRA's and the Insurance Code's requirements. They cite *Castro v. Harris County*, 663 S.W.2d 502 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd) in support of this proposition. We find *Castro* inapposite for the reason that *Castro* did not involve an appeal of an administrative decision. Thus, the statute of limitation issue present in *Castro* is simply not analogous to the question of administrative procedure involved in the present case.

We hold that the Texas Castrophe Property Insurance Pool Act authorizes the State Board of Insurance to resolve disputes arising from the denial by the TCPIA of claims by its policyholders. The appellate procedures available to a party aggrieved by a TCPIA decision, as provided for by the Texas Catastrophe Property Insurance Pool Act and the APTRA, are mandatory and exclusive and must be complied with in order to enforce the rights to statutory insurance benefits held by TCPIA policyholders.

Because the claimants in the present consolidated appeals failed to name the State Board of Insurance as a defendant within thirty days of its final decision, as required by the APTRA and Article 1.04(f) of the Insurance Code, we hold that the trial court properly dismissed their causes for want of jurisdiction.

We reverse the judgment of the court of appeals and affirm the trial court's judgment.

GONZALEZ, J., dissents.

GONZALEZ, Justice, dissenting.

I concur with the court's holding that the property owner's claim to insurance benefits derive from statute and not common law. However, I would apply prospectively the holding that Tex.Ins.Code Ann. arts. 1.04(f) and 21.49, § 9, along with Tex.Rev. Civ.Stat.Ann. art. 6252–13a, § 19(b) be read together to determine jurisdictional prerequisities for appeal.

Neither art. 1.04(f) nor art. 21.49, § 9 provides claimants with notice of any filing time limits. There are no cross references in either article to the APTRA, § 19(b). Further, until now, no case has applied § 19(b)'s thirty-day time limit to this area of the law. Under these circumstances, I would not deny respondents their day in court.

As § 19(b) is now considered as an additional procedural prerequisite for jurisdiction, aggrieved parties must be meticulous in their preparation for an agency appeal. Reference must be made to the APTRA for concurrent or cumulative procedural prerequisites for statutory schemes, unless contrary intent appears in the enabling statute. *See* art. 6252–13a, § 1.