Betty Jo **TATUM**, Bobbie Jo Hill, and Joanne Brown, Appellants,

v.

The **SECOND INJURY TRUST FUND**, STATE of Texas INDUSTRIAL ACCIDENT BOARD, Appellee.

No. 05–86–00721–CV.

Court of Appeals of Texas, Dallas.

April 15, 1987.

Donald W. Hill, Dallas, for appellants.

Charles S. Black, Jr., Austin, for appellee.

Before DEVANY, STEWART and ROWE, JJ.

DEVANY, Justice.

This is an appeal from a worker's compensation suit wherein the appellants, Betty Jo Tatum, Bobbie Jo Hill, and JoAnne Brown, claimed benefits as dependent sisters of the deceased worker. Tatum, Hill, and Brown sought to appeal to the district court from an adverse ruling by the Industrial Accident Board. The appellee, the Second Injury Trust Fund of the State of Texas Industrial Accident Board ("the Fund"), filed a plea to the jurisdiction and motion to dismiss, alleging that Tatum, Hill, and Brown did not timely file their appeal. The trial court agreed and granted the Fund's motion to dismiss. In their sole point of error, Tatum, Hill, and Brown claim that the trial court erred in granting the Fund's plea to the jurisdiction and motion to dismiss because the trial court did have jurisdiction over the claims for worker's compensation benefits by the dependent sisters of the deceased worker. We disagree; accordingly, we affirm.

The record reveals that, on December 17, 1984, the Industrial Accident Board made an award to the Fund based on the worker's compensation claim. Notice of appeal was filed on January 9, 1985 in the name of the estate. On January 18, 1985, the suit was filed in district court and styled *"Estate of James Hill vs. The Second Injury Trust Fund, State of Texas Industrial Accident Board, and United States Fire Insurance Company."* The Fund filed an answer and its first plea to the jurisdiction, claiming that the notice of appeal was not timely filed. The trial court denied the Fund's first plea to the jurisdiction.

On June 17, 1985, the Fund filed a special exception claiming that the "Estate of James Hill" was not a proper party. On July 2, 1985, six and one-half months after the Board award, a First Amended Original Petition was filed naming Tatum, Hill, and Brown as the plaintiffs. The Fund filed a second plea to the jurisdiction on the same day, and later filed a brief in support of its plea. The Fund asserted that the trial court was without jurisdiction since the amended petition naming the new plaintiffs was not filed within the proper statutory period. The trial court granted the Fund's second plea to the jurisdiction and dismissed the suit on October 25, 1985.

In order to appeal an award by the Industrial Accident Board, the appealing party must give notice of appeal to the Board within twenty days of the award, and then must appeal by filing suit in the district court within twenty days of giving notice of appeal. TEX.REV.CIV.STAT. ANN. art. 8307 § 5 (Vernon Supp.1987). The Texas Supreme Court has recognized that the twenty-day limitations period is mandatory and jurisdictional. *Standard Fire Insurance Co. v. La Coke*, 585 S.W.2d 678, 680 (Tex.1979). Failure to file within the statutory period leaves a district court without jurisdiction. *La Coke*, 585 S.W.2d at 680.

In *New York Underwriters Insurance Co. v. Ehlinger*, 593 S.W.2d 432 (Tex.Civ. App.—Houston [14th Dist.] 1980, no writ) the Houston court of appeals addressed a worker's compensation claim similar to that in the instant case. In *Ehlinger*, the worker's compensation insurer appealed an award by the Industrial Accident Board. The insurance company filed its petition within the statutory period, but mistakenly named the deceased as the defendant, rather than his beneficiaries. In holding that the trial court was correct in dismissing the suit for lack of jurisdiction, the appeals court stated: "[a] petition filed naming only the deceased as defendant was insufficient to confer jurisdiction over the beneficiaries. The petition naming the benefi-

ciaries, filed after the twenty day appeal period had expired, did not confer jurisdiction over appellees; thus, they never became parties to appellant's suit." *Ehlinger*, 593 S.W.2d at 433; *cited in Charter Oak Fire Insurance Company v. Gorman*, 693 S.W.2d 686, 688 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

■ In the instant case, a petition was filed naming only the estate of the deceased as the plaintiff; then, six and one-half months later, the petition was amended to substitute the names of the beneficiaries of the deceased as plaintiffs, which was after the twenty-day statutory period had expired. We see no distinction between a suit in which the plaintiff fails to name the correct defendant and a suit in which the wrong plaintiff is named. In either case the complaining party has failed to include the correct parties in the suit, and, if this failure is not corrected within the twenty-day statutory period, he has lost his right to appeal. *See Ehlinger*, 593 S.W.2d at 433.

Tatum, Hill, and Brown contend that *Ward v. Charter Oak Fire Insurance Company*, 579 S.W.2d 909 (Tex.1979) requires us to reverse. We disagree. *Ward* recites the familiar principle that the worker's compensation laws are to be construed liberally in order to effectuate the statute's purpose of awarding compensation to dependent heirs of a deceased worker. 579 S.W.2d at 910. *Ward* involved whether a notice of appeal, which was mailed within the statutory period, was untimely simply because of an error by the Post Office. In that case, the supreme court held that a Post Office error would not prevent an appeal of an award of the Industrial Accident Board from being timely. 579 S.W.2d at 910–11. We are not persuaded that *Ward* is applicable in the instant case. Here, Tatum, Hill, and Brown, the beneficiaries, did not file a timely appeal because of their own error. Therefore, they are precluded from recovering since they failed to meet the mandatory jurisdictional requirement set by the statute of limitations. *La Coke*, 585 S.W.2d at 680. Furthermore, the liberal construction rule governing in-

terpretation of the workman's compensation statute does not change the rule that the twenty day statute of limitations period is mandatory and jurisdictional. *Cavazos v. Texas Employers Insurance Association*, 631 S.W.2d 196, 197 (Tex.App.—Corpus Christi 1982, no writ).

Tatum, Hill, and Brown also claim that their error in naming the Estate of James Hill as the plaintiff in their original petition was a misnomer, and, therefore, the statute of limitations was tolled until they amended their petition to name the correct plaintiffs. *See Womack Machine Supply of Houston v. Fannin Bank*, 504 S.W.2d 827 (Tex.1974); *Texas A & M University at College Station v. Ybarra*, 663 S.W.2d 80, 81 (Tex.App.—Houston [14th Dist.] 1983, no writ). We disagree. Tatum, Hill, and Brown did not err by *misstating* their own names; rather, they named a different legal entity, the Estate of James Hill, as the plaintiff in the suit. This is what has been termed an error of mistaken identity, and, as such, is a mistake of law, not a misnomer. *See Ehlinger*, 593 S.W.2d at 433; *see also Johnson and Giddens v. The Coca-Cola Company*, 727 S.W.2d 756, 758–59 (Tex.App.—Dallas 1987).

■ Finally, Tatum, Hill, and Brown argue that, even if the error in their first petition was not a mere misnomer, but a mistake of law, the Estate of James Hill should be allowed to bring the suit on behalf of the dependent sisters. We disagree. The pertinent part of the worker's compensation statute provides:

> Any *interested party* who is not willing and does not consent to abide by the final ruling and decision by [the] Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit. . . .

TEX.REV.CIV.STAT.ANN. art. 8307, § 5 (Vernon Supp.1987) (emphasis added). According to article 8306 § 8a, while a worker's dependent sisters may be beneficiaries, an *estate* is not, and cannot be, a benefi-

ciary under the worker's compensation statute. TEX.REV.CIV.STAT.ANN. art. 8306 § 8a (Vernon Supp.1987). Therefore, the Estate of James Hill is not an *interested party* and, hence, could not have brought the suit in place of Tatum, Hill, and Brown. Therefore, the first petition, naming the Estate of James Hill as plaintiff could not have tolled the statute of limitations. Tatum, Hill, and Brown simply failed to file their suit within the twenty-day statutory period; therefore, the trial court was correct in dismissing the suit for lack of jurisdiction. *See Ehlinger,* 593 S.W.2d at 433. Tatum, Hill, and Brown's point of error is overruled.

Affirmed.