The Estate of Thuy Nhu NGUYEN, Than Dinh Nguyen, Tham Thi Nguyen, Vu Nguyen, Hung Huy Nguyen, and Huy Tuong Nguyen, Appellants,

v.

Dan MORALES, State Attorney General, State of Texas, Appellee.

No. 01–96–01249–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 13, 1997.

James F. Andrews, Houston, for appellants.

Lucy E. Del Prado Dietz, Austin, for appellee.

Before TAFT, ANDELL and PRICE *, JJ.

## OPINION

TAFT, Justice.

In this appeal, we are asked to decide whether an estate is a proper claimant under the Texas Crime Victim's Compensation Act,[1] and therefore entitled to compensation under the Act. The trial court held it was not, and dismissed the appeal of a previous administrative hearing for want of jurisdiction. We affirm.

### Facts

Thuy Nhu Nguyen and her boyfriend were found dead on January 6, 1995, lying intertwined on a bed. A single gunshot, fired through the boyfriend's mouth and through Nguyen's head as it rested atop his, killed them both. The police officer dispatched to the scene found a suicide note written by the boyfriend. The Houston police department concluded the two had committed suicide, but the medical examiner ruled Nguyen's death a homicide. After the Attorney General (AG) denied compensation to the family, they filed suit in the name of the deceased's estate. Seven months later, the AG moved to dismiss, because the individual claimants were not properly named within 20 days after exhausting their administrative remedies, as required by the Act.[2] The Nguyen family

amended the suit to name the beneficiaries as parties, but the trial court rejected the amendment as untimely and dismissed the suit for want of jurisdiction. The trial court denied the family's motion for new trial, and this appeal ensued.

### Is an Estate a "Claimant" Under the Act?

The family contends the estate was a proper claimant. They further argue that the trial court erred in its analogous application of law governing worker's compensation and wrongful death suits. The AG argues that interpreting the Act to exclude the estate as a claimant by looking to other law was proper. The determination of whether an estate is a claimant under the Act is an issue of first impression. As a threshold matter, we must determine whether the record reflects a fundamental error that must be noticed by this Court. An estate is not a legal entity and cannot sue or be sued as such. *See Dueitt v. Dueitt*, 802 S.W.2d 859, 861 (Tex.App.—Houston [1st Dist.] 1991, no writ.). Thus, a suit on behalf of a decedent's estate is a nullity unless the estate's personal representative appears in or participates in the suit. *Id.* Because Thanh Dinh Nguyen and Tham Thi Nguyen, the decedent's parents, applied for a declaration of heirship and participated in this suit, we conclude the trial court's judgment is not a nullity and we have jurisdiction over the appeal.

### A. Rules of Construction

This Court's duty is to construe a statute as written and ascertain the legislature's intent from the language of the act. *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985). When the language of a statute is unambiguous, it is given effect according to its terms. *See Maley v. 7111 Southwest Freeway, Inc.*, 843 S.W.2d 229, 231 (Tex. App.—Houston [14th Dist.] 1992, writ denied.).

* Justice Frank C. Price, Former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 6, 1993 Tex. Gen. Laws 954 (current version at TEX.CODE CRIM. P. ANN. art. 56.31 (Vernon Supp. 1997)).

2. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 6, 1993 Tex. Gen. Laws 954 (amended 1995).

The Code of Criminal Procedure instructs us to liberally construe its provisions so as to attain the objects intended by the legislature: prevention, suppression, and punishment of crime. *See* TEX.CODE CRIM. P. ANN. art. 1.26 (Vernon 1984). All words used in the code are to be understood according to their customary usage, except where specially defined. TEX.CODE CRIM. P. ANN. art 3.01 (Vernon 1984). When we construe a statute, we may also take into account the law on similar subjects and the consequences of a particular construction, among other considerations. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1988).

### B. Application of Rules

 The provisions of the Act applicable at the time compensation was sought defined a "claimant" as a victim or an authorized person acting on behalf of a victim.[3] Throughout the Act, the word "individual" was repeatedly used to describe who may qualify for compensation by fulfilling various criteria[4] An "estate" is neither specifically included or excluded as a claimant. An estate is the total property a decedent owns at death. BLACK'S LAW DICTIONARY 491 (5th ed.1979). Upon death, the property owned by the decedent immediately vests in the heirs. *See* TEX. PROB.CODE ANN. § 37 (Vernon Supp.1997). By definition, an estate cannot be an individual. By its plain language, therefore, the Act excludes estates.

To so hold would keep the Act in harmony with the Wrongful Death Act,[5] which bars an action brought by an estate, and with the Worker's Compensation Act,[6] which likewise bars an estate from recovering under its provisions. A holding that declines to expand the realm of recipients also preserves the limited nature of this resource for those expressly included. Accordingly, we hold that an estate is not a "claimant" as envisioned by the Act.

### Was this Misjoinder or Nonjoinder?

Having held the estate was not a proper claimant, we must determine whether the trial court properly dismissed as untimely appellant's attempt to cure the defect by joining the heirs as parties after the expiration of the statutory 20–day limit.

 The original petition named the estate as the only plaintiff in the caption. The body of the pleading made reference to the "heirs," but referred to them in addition to the plaintiff, and did not individually identify them or address the grounds upon which they sought compensation. The family argues this was a misjoinder of parties, and they should have been permitted to add the individual beneficiaries when they moved to amend the petition. Relying principally upon *Tatum v. Second Injury Trust Fund*, 730 S.W.2d 351, 353 (Tex.App.—Dallas 1987, no writ), the AG calls this a nonjoinder, not a misjoinder of parties. The family contends *Tatum* is applicable only to worker's compensation cases. We are not so persuaded. The *Tatum* case is directly on point in that it deals with a petition filed naming only the estate of the deceased as the plaintiff, followed by an amendment to substitute the names of the deceased's beneficiaries as plaintiffs well after the expiration of the 20–day statutory period. *Id.; cf. Charter Oak Fire Ins. Co. v. Gorman*, 693 S.W.2d 686, 688 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (after 20–day period expired, plaintiffs could not amend petition to name as defendants the beneficiaries instead of the deceased).

We have here a scenario that is virtually the same, and a statute employing identical procedural and administrative provisions. That the statute addresses a different subject matter does not alter the legal analysis employed by the Court. As such, the rules of civil procedure governing misjoinder of parties, cited by the family, are inapplicable here.

---

3. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 6, 1993 Tex. Gen. Laws 954 (amended 1995).

4. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 6, 1993 Tex. Gen. Laws 954 (amended 1995).

5. TEX. CIV. PRAC. & REM.CODE § 71.004(b) (Vernon 1987).

6. *See* TEX. LABOR CODE ANN. § 408.182 (Vernon 1996).

## Conclusion

We hold the trial court did not have jurisdiction.

We affirm the judgment.