

# NUMBER 13-17-00641-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

AMERICAN BANK, N.A. AS TRUSTEE OF
THE LISA MARIE BUCKLEY TRUST AND
CO-TRUSTEE OF THE JOHN BUCKLEY JR.
TRUST AND KELLY ROSE KINARD TRUST,
JOHN BUCKLEY TRUST, LISA MARIE
BUCKLEY TRUST, KELLY ROSE KINARD
TRUST, TOGETHER WITH JOHN BUCKLEY
JR., LISA MARIE BUCKLEY, AND KELLY ROSE
KINARD TRUST, AS TRUSTEE, CO-TRUSTEE
AND/OR TRUST BENEFICIARIES OF THE JOHN
BUCKLEY JR. TRUST, LISA MARIE BUCKLEY
TRUST, AND KELLY ROSE KINARD TRUST,
AND/OR SHAREHOLDERS,                          Appellants,

v.

MOOREHEAD OIL & GAS, INC.,
MOOREHEAD ACQUISITION, LLC,
AND MOOREHEAD OIL & GAS, LLC,                  Appellees.

On appeal from the 28th District Court
of Nueces County, Texas.

# O P I N I O N

**Before Justices Rodriguez, Contreras, and Benavides**
**Opinion by Justice Contreras**

This is an appeal of a summary judgment in a proceeding to determine the fair value of ownership interests in corporate stock under section 10.361 of the Texas Business Organizations Code. *See* TEX. BUS. ORGS. CODE ANN. § 10.361 (West, Westlaw through 2017 1st C.S.). Appellants, John J. Buckley Jr., Lisa Marie Buckley, and Kelly Rose Kinard (collectively the Buckleys), as co-trustees and/or beneficiaries of their respective trusts, contend that the trial court erred by denying their petition for a valuation of their ownership interest in appellees, Moorehead Oil & Gas, Inc., Moorehead Acquisition, LLC, and Moorehead Oil & Gas, LLC (collectively Moorehead). Specifically, the Buckleys argue that: (1) co-trustee American Bank, N.A. (the Bank) was not the only entity legally capable of requesting a valuation under the statute, and (2) the limitations period was tolled due to the misnomer doctrine and therefore did not expire before suit was filed. We affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

In his will and two codicils, John J. Buckley (John Sr.) established three testamentary trusts for the benefit of his three children, appellants in this matter, and their descendants. When John Sr. died in 2008, the Bank became the sole trustee of the Trusts pursuant to the terms of the testamentary documents.

John Sr.'s will provided that the beneficiary of each respective trust would become

2

co-trustee of that trust upon attaining 30 years of age, and that, upon attaining 35 years of age, each beneficiary "shall have the right to remove the co-trustees and to serve as sole trustee of his or her trust." According to the parties, at all times relevant to this appeal, John Buckley Jr. and Kelly Rose Kinard were co-trustees of their own trusts; the Bank was co-trustee of the John Buckley Jr. Trust and the Kelly Rose Kinard Trust; and the Bank was the sole trustee of the Lisa Marie Buckley Trust.

The property bequeathed to the trusts upon John Sr.'s death included 411.249 shares of Moorehead stock, representing a 3.8 percent stake in the company. The Buckleys contend that the shares are together worth close to one million dollars. According to the Buckleys, the Bank, acting as trustee and as their fiduciary, acceded to several demands made by Moorehead for cash contributions in the years following John Sr.'s death, despite the Buckleys' objections.

In July of 2016, the Bank filed a petition in probate court seeking to resign its position as trustee, noting that "[c]ertain issues have arisen" and that the three beneficiaries "agree to accept such resignation" and seek to be named as sole trustees of their respective trusts. The Bank's petition noted that, though John J. Buckley Jr. has attained the age of 35, the other Buckleys have not and so are not eligible under the terms of will to be sole trustees; therefore, the petition requested modification of the trusts to allow Lisa Marie Buckley and Kelly Rose Kinard to become sole trustees of their respective trusts. The record does not indicate whether the probate court granted the Bank's requests.

The following month, Moorehead notified the Bank and the Buckleys that it intended to reorganize itself, through a merger, to become a limited liability company with

3

the ability to make mandatory cash calls upon its stockholders. When the merger was finalized, the shares of stock owned by the trusts were cancelled and converted to cash. However, the Buckleys objected to Moorehead's valuation of $7.30 per share. Therefore, on February 3, 2017, the Buckleys' counsel filed suit seeking an appraisal and recovery of the fair market value of the shares. *See id.* The original petition named only the three trusts as plaintiffs, but it stated in a section entitled "Parties" that the Bank is "Trustee" of the three trusts, and it gave contact information for the Bank's attorney of record. Later, the Buckleys' counsel filed an amended petition on May 10, 2017 which formally designated the Bank and the Buckleys as plaintiffs instead of the trusts.

Moorehead filed a "Traditional Motion for Summary Judgment, or in the Alternative, Plea to the Jurisdiction" in July 2017 arguing that (1) the valuation suit was untimely filed under the statute and (2) "several of the Plaintiffs" lack standing. The Bank and the Buckleys each filed responses, and Moorehead filed a reply. After a hearing on August 22, 2017, the trial court granted the motion and rendered judgment stating that "Plaintiffs' claims for appointment of an appraised and judicial valuation . . . are adjudicated against Plaintiffs." This appeal followed.[1]

---

[1] The notice of appeal in the trial court, as well as the appellate brief filed by the Buckleys' counsel, identified the appellants in this matter as:

> [The Bank] as trustee of the Lisa Marie Buckley Trust and co-trustee of the John Buckley, Jr. Trust and Kelly Rose Kinard Trust, John Buckley, Jr. Trust, Lisa Marie Buckley Trust, Kelly Rose Kinard Trust, together with John Buckley, Jr., Lisa Marie Buckley, and Kelly Kinard, as trustee, co-trustee, and/or trust beneficiaries of the John Buckley, Jr. Trust, Lisa Marie Buckley Trust and Kelly Rose Kinard Trust, and/or shareholders[.]

The Bank filed a "Motion to Show Authority and Response to Appellants' Brief" with this Court arguing that, although it "consented" to the Buckleys' counsel filing the instant appeal, it objected to certain statements and arguments made in the brief because they were "made outside the scope of any contemplated representation" of the Bank. The Buckleys' counsel responded to us by noting that his "representation has at no time been that of counsel to the Bank" but instead "has been strictly limited to" the other named appellants. Moorehead also filed a "Motion to Strike [the Bank]'s Appeal, or in the Alternative, Motion to

4

## II. DISCUSSION

### A.    Standard of Review

We review summary judgments de novo.  *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013).  A movant for traditional summary judgment has the burden to establish that no genuine issue of a material fact exists and that it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014).  We review the summary judgment evidence in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the motion.  *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).  A defendant who conclusively establishes an affirmative defense such as limitations is entitled to summary judgment.  *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).  A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence.  *City of Keller*, 168 S.W.3d at 816.

### B.    Applicable Law

#### 1.    Dissenting Owner's Right to Appraisal and Valuation

Subchapter H of chapter 10 of the business organizations code details the rights belonging to dissenting shareholders of certain Texas business entities.  *See* TEX. BUS. ORGS. CODE ANN. §§ 10.351–.3658 (West, Westlaw through 2017 1st C.S.).  In general,

---

Show Authority."

By order dated May 29, 2018, we denied the Bank's and Moorehead's motions.  In our order, we noted that, although the notice of appeal and appellants' brief are ambiguous regarding the identity of the appellants, it was unnecessary to strike those documents given the unequivocal representation by the Buckleys' counsel that he is not representing the Bank on appeal.  We stated that we will construe both documents as being filed solely on behalf of the Buckleys and that we will not construe anything in the brief as a judicial admission on the part of the Bank.

a voting shareholder of a for-profit corporation that dissents to a plan of merger is entitled to "obtain the fair value of [its] ownership interest through an appraisal." *Id.* § 10.354(a)(2). In order to perfect its rights of dissent and appraisal, the dissenting owner must follow certain procedures, including demanding payment of what it estimates to be the fair value of the ownership interest. *Id.* § 10.356(b)(3)(B). Within twenty days after receiving the demand, the corporation must notify the dissenting owner that it either accepts or rejects the owner's estimate. *Id.* § 10.358(a). If the corporation rejects the dissenting owner's estimate, it must provide the owner with its own estimate and it must offer to pay that amount. *Id.* § 10.358(c).

If the corporation and dissenting owner are still unable to reach an agreement regarding the fair value of the owner's interest, either may file a petition requesting a judicial finding and determination of such value. *Id.* § 10.361(a). The "beneficial owner of an ownership interest subject to dissenters' rights held in a voting trust or by a nominee on the beneficial owner's behalf" may also file a petition for a valuation in that situation. *Id.* § 10.361(g).

A petition for valuation under section 10.361 "must be filed not later than the 60th day after the expiration of the period required by Section 10.358(d)." *Id.* § 10.361(b). Section 10.358(d) provides that, if the dissenting owner accepts the corporation's offer as required under section 10.358(c), the owner must so notify the corporation "not later than the 90th day after the date the action that is the subject of the demand took effect." *Id.* § 10.358(d).

### 2. Misnomer

Misnomer arises "when a party misnames itself or another party, but the correct parties are involved." *Reddy P'ship/5900 N. Freeway LP v. Harris Cty. Appraisal Dist.*, 370 S.W.3d 373, 376 (Tex. 2012). A petition that misnames a party "is nonetheless effective, for limitations purposes, when filed, with any subsequent amendment relating back to the date of the original filing." *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 326 (Tex. 2009) (per curiam). On the other hand, a misidentification "arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Reddy P'ship*, 370 S.W.3d at 376 (citing *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999)).

### C. Limitations

By their second issue, which we address first, the Buckleys contend the trial court erred if it granted summary judgment on limitations grounds.

Moorehead argued in its summary judgment motion that the underlying suit was barred because it was brought after the time period prescribed in section 10.361. *See* TEX. BUS. ORGS. CODE ANN. §§ 10.361(b), 10.367(a)(3) ("The rights of a dissenting owner terminate if . . . a petition is not filed within the period required by Section 10.361 . . . ."). In particular, Moorehead asserted that the "currently named Plaintiffs"—i.e., the Bank as trustee and the Buckleys as beneficiaries and co-trustees—were first named as plaintiffs in the amended petition filed on May 10, 2017, after the statutory time period expired.[2] Moorehead acknowledged that the original petition for valuation was timely filed on

---

[2] The parties agree that, if not tolled, the applicable limitations period would have expired on February 6, 2017.

7

February 3, 2017, but it noted that the only plaintiffs listed in that petition were the trusts themselves, and it argued that the trusts cannot sue or be sued directly but rather must act through their trustee.

Moorehead further argued that the misnomer doctrine did not apply to toll the limitations period because the Buckleys' counsel "knew who the trustees and beneficiaries were when he first filed suit." *Cf. Womack Mach. Supply Co. of Hous. v. Fannin Bank*, 504 S.W.2d 827 (Tex. 1974) (holding that limitations period was tolled by the filing of suit in which the plaintiff was misnamed). Therefore, according to Moorehead, "the error in suing on behalf of the 'Buckley Trusts' instead of the trustee(s) or beneficiaries could not have been a 'mistake of fact.'" *See Tatum v. Second Injury Tr. Fund, State Indus. Acc. Bd.*, 730 S.W.2d 351, 353 (Tex. App.—Dallas 1987, no writ) (finding limitations not tolled where worker's compensation suit was filed on behalf of the decedent's estate instead of the decedent's family members individually because such was a "mistake of law, not a misnomer"); *Nguyen v. Morales*, 962 S.W.2d 93, 95 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (same in suit under Texas Crime Victim's Compensation Act). Moorehead claimed that counsel instead made a "legal mistake" because he incorrectly "thought the 'Buckley Trusts' were legal entities with perfectible valuation rights and legal capacity to sue."

In its response to Moorehead's motion, the Bank argued that the misnomer doctrine applies, and therefore, the first amended petition relates back to the timely filing of the original petition. It emphasized that there was no indication Moorehead was misled or placed at a disadvantage due to the fact that the trusts were the only named plaintiffs in the original petition. *See Reddy P'ship*, 370 S.W.3d at 377 (noting that, when the

8

correct party sues or is sued under an incorrect name, "the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error"). In their response to Moorehead's motion, the Buckleys also contended in part that, even if the Bank was not a named plaintiff in the original petition, the first amended petition relates back to the original filing date because it corrected a misnomer.[3]

Having reviewed the applicable law and the record before us, we agree with the Buckleys' argument that the first amended petition related back to the date of the timely-filed original petition for limitations purposes.

The Texas Supreme Court's opinion in *Continental Southern Lines, Inc. v. Hilland* is instructive. *See* 528 S.W.2d 828 (Tex. 1975). In that case, the plaintiff was injured while exiting a bus and sought to sue the bus company, but her petition misidentified the defendant as "Continental Trailways, Inc.," which was the name of a different company with different officers and directors. *Id.* at 829. After limitations expired, the plaintiff amended her petition to name the proper defendant. *Id.* The Court noted that "[t]he primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds." *Id.* Accordingly, the Court held that "it would be a misapplication of the statute of limitations to hold that the plaintiff's

---

[3] The Buckleys also argued in response to Moorehead's motion that: (1) they are "beneficial owners" of the stock and therefore have standing to sue under the statute, *see* TEX. BUS. ORGS. CODE ANN. § 10.361(g) (West, Westlaw through 2017 1st C.S.); (2) they seek statutory rather than common-law remedies and, therefore, the proposition that a trust cannot directly sue or be sued does not apply; (3) the Bank seeks to resign as co-trustee and has expressly consented to their actions regarding Moorehead's merger; (4) the Bank has engaged in "wrongful conduct" by "refusing" to challenge Moorehead's valuation, and therefore, they have standing to bring suit in their capacity as trust beneficiaries; and (5) the Bank was named as a "party" in the original petition.

action was barred" if the plaintiff could show, at a new trial, that the proper defendant "was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit" despite the plaintiff's initial misidentification. *Id.* at 831; *see Dougherty v. Gifford*, 826 S.W.2d 668, 677 (Tex. App.—Texarkana 1992, no writ); *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 434 (Tex. App.—Austin 1987, writ ref'd n.r.e.); *Barnett v. Hous. Natural Gas Co.*, 617 S.W.2d 305, 306 (Tex. Civ. App.—El Paso 1981, writ ref'd n.r.e.); *Howell v. Coca-Cola Bottling Co. of Lubbock, Inc.*, 595 S.W.2d 208, 212 (Tex. Civ. App.—Amarillo 1980, writ ref'd n.r.e.); *Braselton-Watson Builders, Inc. v. Burgess*, 567 S.W.2d 24, 28 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.).

Here, the issue is the misidentification of the plaintiff, not the misidentification of the defendant. It is undisputed that Moorehead was duly notified of the suit within the applicable limitations period. Thus, the usual policy concern supporting enforcement of limitations—i.e., preventing prejudice to the defending party—is simply not present. *See Hilland*, 528 S.W.2d at 829; *see also In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d at 326 ("In a case like this, in which the plaintiff misnames itself, the rationale for flexibility in the typical misnomer case . . . applies with even greater force."). The record further shows that Moorehead was "cognizant of the facts" and that it "was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit." Therefore, under *Hilland* and its progeny, the trial court misapplied the law if it granted summary judgment on limitations grounds. *See Hilland*, 528 S.W.2d at 831.

The Buckleys' second issue is sustained.

10

**D.      Standing to Request Stock Valuation**

The Buckleys contend by their first issue that the trial court erred if it granted summary judgment on grounds that the Buckleys lacked standing to seek a valuation under the statute.

In its summary judgment motion, Moorehead argued that, even if the valuation suit was timely, the Buckleys lack standing in their capacity as beneficiaries because of the general rule that only trustees have the power to bring suit on behalf of a trust. *See Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) (noting that the term "trust" "refers not to a separate legal entity but rather to the fiduciary relationship governing the trustee with respect to the trust property" and that "[t]he general rule in Texas (and elsewhere) has long been that suits against a trust must be brought against its legal representative, the trustee"); *see also* TEX. PROP. CODE ANN. § 113.019 (West, Westlaw through 2017 1st C.S.) ("A trustee may compromise, contest, arbitrate, or settle claims of or against the trust estate or the trustee."). Moorehead contended that, although there are exceptions to this general rule, they do not apply in this case—in particular, the Buckleys did not plead that the Bank, as trustee, wrongfully refused to bring suit. *See Interfirst Bank-Hous., N.A. v. Quintana Petrol. Corp.*, 699 S.W.2d 864, 874 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) ("It is only when the trustee cannot or will not enforce the cause of action that he has against the third person that the beneficiary is allowed to enforce it."); *see also In re XTO Energy Inc.*, 471 S.W.3d 126, 131 (Tex. App.—Dallas 2015, orig. proceeding) (noting that a "trustee's refusal to bring suit must be wrongful for [the beneficiary] to be allowed to step into the trustee's shoes and maintain a suit on the Trust's behalf"). Moorehead additionally argued in its summary judgment motion that

11

business organizations code section 10.361(g), which allows a "beneficial owner" to petition for valuation, does not apply because the shares at issue were never held "in a voting trust" or "by a nominee."  *See* TEX. BUS. ORGS. CODE ANN. § 10.361(g).

Here, the live petition named the following as plaintiffs:  (1) the Bank as trustee or co-trustee of all three trusts; (2) John J. Buckley Jr. and Kelly Rose Kinard in their capacity as co-trustees of their respective trusts; and (3) the Buckleys in their capacity as beneficiaries of their respective trusts.[4]  Moorehead is correct that the Buckleys lacked standing in their capacity as beneficiaries because they did not assert in their petition that the trustee wrongfully refused to bring suit.  *See In re XTO Energy Inc.*, 471 S.W.3d at 131.  Additionally, Moorehead is correct that the Buckleys lacked standing as "beneficial owners" of the stock under section 10.361(g) because the shares were not held "in a voting trust" or "by a nominee."  *See* TEX. BUS. ORGS. CODE ANN. § 10.361(g).

However, Moorehead does not dispute that the Bank had capacity as trustee or co-trustee, or that John J. Buckley Jr. and Kelly Rose Kinard had capacity as co-trustees of their respective trusts, to sue under business organizations code section 10.361.  We conclude that they did have such capacity, and the trial court erred in granting summary judgment against them.  *See* TEX. PROP. CODE ANN. § 113.019; *Ray Malooly Tr.*, 186 S.W.3d at 570.  On the other hand, Lisa Marie Buckley, who is not a co-trustee of her trust and therefore brought suit only in her capacity as beneficiary, does not have standing

---

[4] The style of the amended petition and final judgment each name the trusts themselves as the only plaintiffs.  However, the text of the amended petition names only the above-mentioned parties as plaintiffs.  In any event, a trust cannot sue or be sued on its own behalf.  *See Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006).

for the reasons stated above, and the trial court did not err in granting summary judgment against her.

We sustain the Buckleys' first issue in part and overrule it in part.

### III. CONCLUSION

We affirm that portion of the trial court's summary judgment dismissing the claim of appellant Lisa Marie Buckley as beneficiary of the Lisa Marie Buckley Trust. We reverse the remainder of the judgment and remand the cause for further proceedings consistent with this opinion.

DORI CONTRERAS
Justice

Delivered and filed the 29th
day of November, 2018.