Maxine Bennett MERIDA, Appellant,

v.

TEXAS MUNICIPAL RETIREMENT SYSTEM, Appellee.

No. 13082.

Court of Civil Appeals of Texas, Austin.

March 26, 1980.

Jerry M. Kolander, Kolander & Hamilton, Amarillo, for appellant.

Gaynor Kendall, Kendall, Randle, Finch & Osborn, Austin, for appellee.

SHANNON, Justice.

Appellant, Maxine Bennett Merida, filed suit against appellee Texas Municipal Retirement System and the City of Amarillo in the district court of Potter County. By her suit, appellant sought as "damages" certain retirement benefits allegedly due her as a result of her husband's service as an employee of the City of Amarillo. By order of the Potter County district court, appellant's cause against the retirement system was transferred to the district court of Travis County. After hearing, the district court of Travis County entered judgment dismissing appellant's suit against the retirement system for want of jurisdiction. This Court will affirm that judgment.

The facts are not in dispute. Appellant's husband, Andrew Floyd Merida, was employed by the City of Amarillo in October, 1951, and he remained an employee until his death on November 6, 1976.

The City of Amarillo became a participating municipality in the retirement system in 1949, and the City and its employees have participated in the System since that time. From October, 1951, until his death, Andrew Floyd Merida made regular deposits to his retirement account with the System. Likewise, during the same period, the City of Amarillo made regular deposits for the benefit of Merida's retirement account with the retirement system.

On October 15, 1976, Merida, who was fifty-four, completed twenty-five years of employment with the City of Amarillo and, as a result, was eligible for retirement. Merida, nevertheless, did not retire, but instead continued to work. He died twenty-two days later.

The widow filed a claim with the Board of Trustees of the System claiming that she was entitled to receive an "Option One" benefit by the terms of the Texas Municipal Retirement System Act, Tex.Rev.Civ.Stat. Ann. art. 6243h (1970). After hearing, the Board on September 29, 1977, entered its order denying appellant's claim for "Option One" benefits and instead providing that appellant was entitled to receive either (1) the return of the deposits made by her husband or (2) sixty monthly payments of a "standard benefit." Whichever alternative allowed appellant by the Board's order, amounted to substantially less than that provided by "Option One" benefits.

Appellant filed her motion for rehearing with the Board on October 10, 1977. On January 10, 1978, appellant filed her suit in the district court of Potter County.

In defense of the judgment dismissing appellant's suit for want of jurisdiction, appellee relies upon the Administrative Procedure and Texas Register Act, Tex.Rev.Civ. Stat.Ann. art. 6252–13a (Supp.1980). The relevant provisions of that Act relating to appeals from administrative orders are set out below:

"Sec. 16(e) . . . [I]f agency action is not taken [on the motion for rehearing] within the 45-day period, the motion for rehearing is overruled by operation of law 45 days after the date of rendition of the final decision or order [of the agency].

. . . . .

"Sec. 19(b) Proceedings for review are instituted by filing a petition within 30 days after the decision complained of is final and appealable."

Under the Act, appellant's motion for rehearing was overruled by operation of law on November 13, 1977, forty-five days after the Board entered its order on September 29, 1977. Appellant had thirty days after November 13 to file its administrative

appeal in district court. Appellant filed its petition some fifty-seven days thereafter on January 10, 1978. Because filing suit in district court within thirty days after the agency's order becomes final is a prerequisite to an appeal of the Board's order to district court under the Act, the district court properly dismissed appellant's suit. *Navarro Independent School Dist. v. Brockette,* 566 S.W.2d 699 (Tex.Civ.App. 1978, no writ).

Appellant insists, however, that her suit in district court was not an administrative appeal from the Board's order, but instead was an independent cause of action sounding in tort that might be filed any time within two years after the commission of the tortious act. Appellant claims the district court had jurisdiction to consider her cause of action for negligence against appellee just as would the court have had power to hear any other common law cause. The basis for appellant's claim of negligence was that appellee failed to notify her husband that, under the Texas Municipal Retirement System Act, should he continue to work after becoming eligible for retirement, he must execute "certain documents [application for deferred retirement] which would, in case of his death, assure the full benefits of his retirement plan to his surviving widow." Appellant's husband, at the time of his death, had not made application for deferred retirement.

For a number of years appellee's director had sent to each participating municipality a list of the City's employees who had become eligible for retirement and hence eligible to apply for deferred retirement. Merida's name was inadvertently omitted from the list the retirement system sent to Amarillo on October 8, 1976. Nothing in the Texas Municipal Retirement System Act or in the Board's rules required that such notice be sent to the member municipalities.

Appellant does not advance any precedent in support of her argument that she has a cause of action in tort against the retirement system.

This Court is of the view that appellant's argument is precluded by the principal of law announced in *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926). In *Mingus,* the Supreme Court stated that if a cause of action and remedy for its enforcement are derived not from the common law but instead from a statute the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable. See also, *Alpha Petroleum Co. v. Terrell,* 122 Tex. 257, 59 S.W.2d 364 (1933).

The right of a municipal employee to participate in the retirement system and to obtain any pension benefit from the System' does not derive, of course, from the common law, but instead solely from the provisions of the Texas Municipal Retirement System Act. In seeking to enforce his rights to statutory pension benefits, the employee or his beneficiary must comply with the Texas Municipal Retirement System Act and the Administrative Procedure and Texas Register Act. *Mingus v. Wadley, supra.* Even assuming, in this case, a duty of notification, appellee's violation of that duty did not create a new pension right in Merida or his beneficiary.

The judgment is affirmed.