Gregoria GARCIA, et al., Appellants,

v.

**TOTAL OILFIELD SERVICES, INC., Appellee.**

No. 07–84–0217–CV.

Court of Appeals of Texas, Amarillo.

Jan. 27, 1986.

Rehearing Denied Feb. 19, 1986.

Jay Harvey, Tom Upchurch, Jr. & Associates, Amarillo, for appellants.

Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

DODSON, Justice.

Gregoria Garcia, the surviving widow of Jose Alejo Garcia, deceased, and Rita Garcia, Joel Garcia, Jessie Garcia and Cierilo Garcia, the surviving minor children of the deceased, appeal from the trial court's judgment dismissing their cause of action against Total Oilfield Services, Inc., a Texas corporation. By their cause of action, the appellants seek to recover exemplary damages under article XVI, section 26 of the Texas Constitution for the death of Jose Alejo Garcia, who was killed in an industrial accident that occurred in the state of Oklahoma, while the deceased was in the course of his employment with the appellee. Concluding that the trial court

erroneously dismissed the plaintiffs' cause of action, we reverse and remand.

The operative facts are undisputed. The appellants are residents of the state of Texas. The deceased was a resident of the state of Texas before his death. The appellee is a Texas corporation. The deceased was employed by the appellee in the state of Oklahoma to perform work in that state. On or about 2 April 1982, the deceased was killed in an industrial accident in the state of Oklahoma while in the course of his employment with the appellee. The appellants made claim for and received workers' compensation benefits under the laws of the state of Oklahoma. After they received workers' compensation benefits under the laws of the state of Oklahoma, the appellants filed this action for exemplary damages for the alleged wrongful death of Jose Alejo Garcia under the provisions of article XVI, section 26 of the Constitution of Texas. In that regard, the appellee requested us to judicially notice that the Oklahoma Workers' Compensation Act provides an exclusive remedy for the death of an Oklahoma employee and that the Oklahoma Workers' Compensation Act precludes any further action for the wrongful death of an Oklahoma employee.

The appellee filed a motion contesting the trial court's subject matter jurisdiction, claiming that the trial court lacked subject matter jurisdiction because: (1) the deceased was not a Texas employee; and (2) the appellants made an election of remedies by seeking and receiving benefits under the workers' compensation laws of Oklahoma. After a hearing, the trial court concluded that it lacked subject matter jurisdiction and dismissed appellants' action with prejudice.

By their sole point of error, the appellants claim the trial court erred by granting appellee's motion to dismiss "due to lack of [s]ubject [m]atter [j]urisdiction." We agree.

Article XVI, section 26 of the Texas Constitution provides:

Sec. 26. Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.[1]

In 1975, the Legislature amended article 4678 Texas Revised Civil Statutes Annotated[2] to read:

Whenever the death or personal injury of a citizen of this State or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any foreign State or country for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign State or country *or of this State*, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statutes of this State. All matters pertaining to procedure in the prosecution or maintenance of such action in the courts of this State shall be governed by the law of this State, and the court shall apply such rules of substantive law as are appropriate under the facts of the case (emphasis added).

---

1. *See also* former article 4673 Texas Revised Civil Statutes Annotated [*repealed by* Act of Sept. 1, 1985, ch. 959, § 9(1), 1985 Tex.Gen. & Spec. Laws 7218, 7218–19] which provided: "When the death is caused by the wilful act or omission, or gross negligence of the defendant, exemplary as well as actual damages may be recovered. Const.Art. 16, sec. 26." Former article 4673 is now Texas Civil Practice & Remedies Code Annotated § 71.009 (Vernon Pamph.1986).

2. Former article 4678 [Act of March 20, 1917, ch. 156, § 1, 1917 Tex.Gen. Laws 365, *repealed by* Act of Sept. 1, 1985, ch. 959, § 9(1), 1985 Tex.Gen. & Spec. Laws 7218, 7218–19.] is now found at Texas Civil Practice & Remedies Code Annotated § 71.031 (Vernon Pamph. 1986) in similar, but not identical language.

The 1975 amendment added the phrase "or of this State."

As article 4678 read, before repeal, the courts of this State had jurisdiction to enforce a right of action for the wrongful death of a citizen of this State or a citizen of the United States and others, when the cause of action arose under either the laws of this State (*i.e.*, such as a cause of action under article XVI, section 26) or under the laws of a foreign state or country. In essense, article 4678 gave extra-territorial effect to our wrongful death actions (*i.e.*, those which are prescribed by the Constitution and statutes).

Before the 1975 amendment (*i.e.*, before adding the phrase "or of this State"), the courts of this State consistently determined that the Texas wrongful death provisions (*i.e.*, whether created by the constitution or statutes) were not intended to have extra-territorial effect and that those acts were not intended to apply to deaths resulting from injuries occurring outside the physical boundaries of the state of Texas. *See Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182, 184-85 (Tex.1968). Consequently, one of the reasons for the 1975 amendment was to allow Texas courts to give extra-territorial application to our wrongful death actions.

We acknowledge that by two counterpoints the appellee claims: (1) that the trial court correctly dismissed the case for lack of subject matter jurisdiction because Okla. Stat.Ann.tit. 85, § 12 (West Supp. 1985) makes liability under the Oklahoma Workers' Compensation Act exclusive which Texas law must recognize under the "full faith and credit" clause of the United States Constitution; and (2) alternatively, if full faith and credit does not require recognition of exclusive Oklahoma liability, then the trial court correctly dismissed the case because the Texas conflict-of-laws rule applies Oklahoma law to prevent extra-territorial effect to the Texas Constitution. At the outset, we observe that appellee filed no motion requesting the trial court to take judicial notice of the Oklahoma law as required by Tex.R.Civ.P. 184 and 184a (Vernon 1976). In the absence of a proper motion, neither the trial court nor this Court is required to judicially notice the Oklahoma law. Nevertheless, since we must remand this action to the trial court for a trial on the merits, we will respond to appellee's counterpoint contentions.

To support its "full faith and credit" contention, the appellee relies on *Bradford Electric Light Co. v. Clapper*, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026 (1931), but candidly acknowledges that the determination in *Clapper* has been eroded by subsequent decisions of the Court. In that regard, we are not persuaded that *Clapper* is controlling in this instance.

■ The United States Supreme Court has clearly and consistently determined that the "full faith and credit" clause of the United States Constitution does not require a state to apply another state's law in violation of its own legitimate public policy. *See Nevada v. Hall*, 440 U.S. 410, 422, 99 S.Ct. 1182, 1189, 59 L.Ed.2d 416 (1978); *Pacific Employers Ins. Co. v. Industrial Accident Comm'n.*, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939); *Alaska Packers Ass'n. v. Industrial Accident Comm'n.*, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044 (1935). Prima facie each state is entitled to enforce in its own courts its own lawfully enacted statutes. *Alaska Packers Ass'n. v. Industrial Accident Comm'n.*, 294 U.S. 532, 547, 55 S.Ct. 518, 523, 79 L.Ed. 1044 (1935). In that regard, when the forum state's right is challenged on full faith and credit grounds urging a conflicting statute from a foreign state, the challenging party assumes the burden of showing, on some rational basis, that of the conflicting interests involved, the interests of the foreign state are superior to the interests of the forum state. *Id.* In general, when the conflicting interests are weighed and balanced, there is no denial of full faith and credit when the statutes or public policy and the governmental interest of the forum state in the persons, property or events involved in the litigation outweigh the governmental interest of the foreign state. *Id.*

In this instance, the appellants are all survivors of the deceased and they are residents of the state of Texas. The deceased was a Texas resident, who worked a short time in the state of Oklahoma for a Texas corporation doing business in that state. It is elementary that wrongful death actions address and primarily concern compensation to survivors for the death of a support provider. In that regard, the record fails to show that the state of Oklahoma has a compelling rational and overriding governmental interest in this action between Texas residents. At best, Oklahoma's governmental interest is tenuous. On the other hand, since the deceased was a Texas resident, the survivors are Texas residents and the appellee is a Texas corporation, it is apparent that the state of Texas has a superior and greater governmental interest in the parties and events involved in this action. Consequently, appellee's first counterpoint contention is overruled.

By its second counterpoint, the appellee claims the trial court correctly dismissed appellants' action "because the Texas conflict-of-laws rule applies Oklahoma law to prevent extra-territorial effect to the Texas Constitution." The appellee's stated position was the law in Texas before the 1975 amendment to article 4678. *See Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d at 185. However, as we stated above, one of the purposes of the 1975 amendment to article 4678 was to give extra-territorial effect to Texas wrongful death actions. In that regard, the 1975 amendment to article 4678 gives the survivors in wrongful death actions an additional remedy to bring their action in Texas under the Texas law when the deceased's death occurred in a foreign state or nation notwithstanding the law of the foreign state or nation. Nevertheless, under its second counterpoint contention, the appellee asserts that the trial court correctly dismissed the appellants' wrongful death action because Texas follows the "most significant relationship" choice-of-laws rule and that when that rule is followed in this case, the court must apply Oklahoma law, which precludes the appellants' action.

At the outset, we acknowledge that when presented with a choice-of-laws question, the Texas courts now follow the "most significant relationship" rule pronounced in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 420–21 (Tex.1984). However, the case before us, does not present a choice-of-law question and the "most significant relationship" rule is not applicable in this instance. As we stated above, the appellants have a statutorily-created right to bring their wrongful death action in the courts of this state under the laws of this state; therefore, it must necessarily and logically follow that the appellants' right is not precluded or defeated by an application of the common-law created choice-of-law rule. Otherwise, the 1975 amendment to article 4678 would be nullified and our Texas jurisprudence would be returned to its former position.

Even if we assume arguendo that a valid choice-of-law question is presented in this case, and apply the "most significant relationship" rule to the circumstances presented, the Texas law must prevail over the Oklahoma law. It is well established that the number of contacts with a particular state is not determinative. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex. 1984). Some contacts are more important than others because they implicate state policy underlying the particular substantive issue. *Id.* In this instance, the most significant contacts with the parties and the events in question rest with Texas. As we stated above, the appellants are Texas residents suing a Texas corporation for the alleged wrongful death of a Texas resident under the expressed public policy of the state of Texas which provides their only available wrongful death remedy. When those contacts are weighed and contrasted with the Oklahoma contacts, the Oklahoma contacts are rendered minimal. The appellee's second counterpoint contention is overruled.

In summary, the appellants' point of error is sustained, the appellee's counterpoint

contentions are overruled, the judgment of the trial court is reversed and the cause is remanded to the trial court for a trial on the merits.