**TOTAL OILFIELD SERVICES, INC., Petitioner,**

v.

**Gregoria GARCIA, Individually and a/n/f of Rita Garcia et al., Respondents.**

**No. C–5175.**

Supreme Court of Texas.

June 11, 1986.

He was killed in an industrial accident in Oklahoma while working in the course and scope of his employment.

After Garcia's death, his survivors received worker's compensation benefits under the laws of Oklahoma. After they received these benefits, Garcia's survivors sued in Texas for exemplary damages for the wrongful death of Jose Garcia under the provisions of Tex. Const. art. XVI, § 26, and the Texas Wrongful Death Act, Tex.Civ.Prac. & Rem.Code Ann. § 71.001 et seq. (Vernon 1986). Total Oilfield Services filed a motion contesting the trial court's subject matter jurisdiction, and the trial court dismissed the Garcias' action on the ground that under Oklahoma law, worker's compensation benefits were the exclusive remedy. The court of appeals reversed and remanded the trial court judgment, holding that former Tex.Rev.Civ.Stat.Ann. art. 4678 (now codified at Tex.Civ.Prac. & Rem.Code Ann. § 71.031) provided for extra-territorial effect of the Texas Wrongful Death Act. 703 S.W.2d 411.

We refuse the application for writ of error, no reversible error. However, we disapprove the following language in the court of appeals' opinion:

> However, the case before us, does not present a choice of law question and the 'most significant relationship' rule is not applicable in this instance. As we stated above, the appellants have a statutorily-created right to bring their wrongful death action in the courts of this State under the laws of this State; therefore, it must necessarily and logically follow that the appellant's right is not precluded or defeated by an application of the common-law created choice-of-law rule.

703 S.W.2d at 415.

In pertinent part, former article 4678 provided that "courts shall apply such rules of substantive law as are appropriate under the facts of the case." This language was added to that article in 1975. Tex.H.B. 974, 64th Leg. (1975). Prior to the amendment, this court held that Texas' Wrongful Death Act did not apply to deaths which occurred outside of Texas. *Marmon v. Mustang*

Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, for petitioner.

Jay Harvey, Tom Upchurch, Jr. & Associates, Amarillo, for respondents.

## OPINION ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

Jose Alejo Garcia, a Texas resident, was hired in Oklahoma to work in that state for Total Oilfield Services, a Texas corporation.

*Aviation, Inc.,* 430 S.W.2d 182 (Tex.1968). In describing the amendment, the Chairman of the Senate Jurisprudence Committee stated that "it adopts the most significant contact theory of conflicts of law and overrules the *Mustang Aviation* case." Hearings on H.B. 974, before the Senate Committee on Jurisprudence, 64th Leg., May 27, 1975 (on tape).

■ In 1979, this court noted the amendment to article 4678 and stated that the language of the amendment "carries no self-evident meaning. It must be defined and interpreted by the courts. This opinion should be of some aid in that task." *Gutierrez v. Collins,* 583 S.W.2d 312, 317–18 n. 3 (Tex.1979). In *Gutierrez,* the court adopted the "most significant relationship" test of the Restatement (Second) of Conflicts of Laws § 145. We disapprove the court of appeals' statement that the "most significant relationship" test was not applicable to this case. However, after making that statement, the court of appeals applied the "most significant relationship" test and concluded that "the most significant contacts with the parties and the events in question rest with Texas." 703 S.W.2d at 415. Because the court of appeals reached the correct result, the application for writ of error is refused, no reversible error.