**Patrick K. ABSTON, Plaintiff,**

v.

**LEVI STRAUSS & CO., Defendant.**

**Civ. A. No. TY–86–240–CA.**

United States District Court,
E.D. Texas,
Tyler Division.

Oct. 6, 1987.

Curtis B. Stuckey, Nacogdoches, Tex., for plaintiff.

Walter S. Cowger, Dallas, Tex., Joshua Floum, Robert Visas, Tracy Crawford, Ramey, Flock, Hutchins, Jeffus, Crawford & Harper, Tyler, Tex., William J. Carroll, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for defendant.

## ORDER

JUSTICE, Chief Judge.

Before the court is defendant's motion for summary judgment or, in the alternative, for partial summary judgment.

Plaintiff raises three causes of action growing out of his dismissal in 1984, after eleven years of employment with defendant as a sales representative and account manager. Plaintiff's first count alleges that his firing constituted age discrimination, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.* Plaintiff also raises pendent state claims for breach of employment contract, and for intentional or negligent infliction of emotional distress.

In the motion for summary judgment, defendant first argues that plaintiff's pendent state law claims for breach of contract and infliction of emotional distress are preempted by state anti-discrimination laws. Second, defendant moves that the claim for infliction of emotional distress be dismissed because plaintiff has failed to produce evidence sufficient to make out a *prima facie* case. Third, defendant contends that Texas and not California law applies to the case, and that under Texas law plaintiff was an at-will employee and had no employment contract. Thus, defendant requests that the breach of contract claim be dismissed. Finally, defendant seeks dismissal of the ADEA cause of action on the ground that plaintiff has failed to make out a *prima facie* case of age discrimination under that statute.

Under Fed.R.Civ.P. 56, a motion for summary judgment should be granted only if, from the pleadings, depositions, and affidavits available to the court, the movant can demonstrate that no genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Erco Industries Limited v. Seaboard Coast Line Railroad Co.,* 644 F.2d 424, 428 (5th Cir.1981); 10A C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure § 2725 (1983). The case law of this circuit generally cautions against the use of summary judgments in employment discrimination cases, where nebulous questions of motive and intent are often at issue. *See, e.g., Thornbrough v. Columbus and Greenville Railroad Co.,* 760 F.2d 633, 640–41 (5th Cir.1985); *Clark v. Tarrant County,* 798 F.2d 736, 746 (5th Cir.1986); *Jones v. Western Geophysical Company of America,* 669 F.2d 280, 283 (5th Cir.1982); *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 997 (5th Cir.1979). Moreover, doubts about the existence of material facts must be resolved in favor of the non-moving party. *Harrison v. Byrd,* 765 F.2d 501, 504 (5th Cir.1985); *Murphy v. Georgia–Pacific Corp.,* 628 F.2d 862, 866 (5th Cir.1980). However, as the Fifth Circuit recently explained in *Slaughter v. All–State Insurance Co.,* 803 F.2d 857, 860 (5th Cir.1986), the party opposing a motion for summary judgment may not merely rest on the allegations of the complaint, but must point to "specific facts showing that there is a genuine issue for trial," quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

### I. *Choice of Law Applicable to Pendent Claims*

The first issue which the court must decide is whether Texas or California law applies to the pendent state claims raised

by plaintiff. The plaintiff urges the court to apply California law to the breach of employment contract claim, but Texas law to the claim for infliction of emotional distress. Defendant contends that Texas law should apply to both counts.

▮ A federal court reviewing pendent state law claims must apply the choice of law rules of the forum state in which it is sitting. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Klaxon Company v. Stentor Electric Mfg., Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Thus, Texas choice of law rules will govern whether Texas or California law applies to plaintiff's pendent claims for breach of contract and emotional distress. *System Operations v. Scientific Games Development Corp.*, 555 F.2d 1131, 1136–37 (3rd Cir. 1977); *Austin Elcon Corp. v. Avco Corp.*, 590 F.Supp. 507, 512 (W.D.Tex.1984).

The Texas Supreme Court has recently established that in all cases, except where a valid choice of law clause exists in a contract, "[t]he law of the state with the *most significant relationship* to the particular substantive issue will be applied." *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984) (emphasis added). This rule explicitly adopts the approach taken in Section 6 of the Restatement (2nd) of Conflict of Laws. *Id.*

The defendant argues that since *Duncan* embraced the Restatement (2nd) approach to choice of law, the present case is governed by Section 196 of the Restatement (2nd). Section 196 concerns choice of law in contracts for services, and indicates that the law of the state where the "services, or a major portion of the services, [are] rendered" should be applied. During the eleven years plaintiff was employed by defendant, the bulk of his sales territory was in Texas, and most of his sales calls were made within this state. Plaintiff also resided variously in Houston, Amarillo and Dallas during this period, but never outside Texas and certainly never in California. Moreover, although the plaintiff once or twice a year visited the company's headquarters in California for business reasons,

these visits were never for sales purposes and the thrust of his duties as a salesperson fell within Texas. Under these facts, then, it appears indisputable that application of Restatement (2d) Section 196 would require that Texas law control the pendent claims.

This court does not agree with defendant, however, that Section 196 of the Restatement (2nd) controls this case. There is no indication either in *Duncan* or in subsequent Texas cases that the *entire* Restatement (2nd) of Conflict of Laws—including Section 196—has been adopted in Texas. More precisely, *Duncan* embraced only the "most significant relationship" approach expressed in Section 6 of the Restatement (2nd). *Duncan, supra*, 665 S.W. 2d at 420–21, and n. 5; *Seth v. Seth*, 694 S.W.2d 459, 462–63 (Tex.App.—Ft. Worth 1985, no writ). The Texas Supreme Court implicitly affirmed this conclusion in *Total Oilfield Services, Inc. v. Garcia*, 711 S.W. 2d 237 (Tex.1986), by approving the application of Texas law on the grounds that the State of Texas had the "most significant relationship" to a wrongful death action involving a Texas resident, employed by a Texas corporation, who was killed while working in Oklahoma. Nowhere in *Garcia* did the Texas Supreme Court mention Section 196.

▮ Section 6 of the Restatement (2d) specifies several factors to identify which state has the "most significant relationship" to an action. Those factors clearly point to the applicability of Texas law in this case. Most important here are the relevant policies of the forum state and of other states alleged to have an interest in the application of their law to the case. Texas, the forum state, undoubtedly has a strong interest in the application of Texas employment law to its residents and to employment activities which occur within its boundaries, as well as to litigation within its forum. *Garcia v. Total Oilfield Services, Inc.*, 703 S.W.2d 411, 415 (Tex.App.— Amarillo 1986), *as modified* 711 S.W.2d 237 (Tex.1986). Although California also has an interest in ensuring that its residents are governed by California's own employ-

ment rules, this interest is attenuated when the out-of-state activities of a California corporation are concerned. *Id.* Finally, in regards to those Section 6 factors which point to predictability of outcome and the expectations of the parties, it can hardly be said that a party who has lived and worked in Texas for eleven years, and has brought suit here, would be unfairly surprised to have Texas law apply to him. Thus, the Section 6 test clearly shows that Texas has the most significant relationship to this case.

In short, application of either the "most significant relationship" test or the Section 196 approach to the facts of this case shows that Texas and not California law should govern plaintiff's pendent state law claims, and the court so holds.

## II. *Preemption*

■ Defendant also asserts that plaintiff's two pendent state law claims are preempted by the Texas Commission on Human Rights Act (TCHRA), Tex.Rev.Civil Stat.Anno. art. 5221k, § 1.01 et seq. This court does not agree.

The TCHRA prohibits, *inter alia,* employment discrimination on the basis of age, and establishes a mechanism whereby a party alleging such discrimination may seek relief through filing of a complaint with the Texas Commission on Human Rights. *See* Tex.Rev.Civil Stat.Anno. art. 5221k, sec. 6.01(a). Defendant contends that the TCHRA creates a comprehensive and exclusive remedy for claims of employment discrimination under Texas law, and thus bars any other common law claims founded upon allegations of employment discrimination.[1] Defendant points to plaintiff's pleadings and deposition testimony, to suggest that since age discrimination is the basis of the pendent claims they are preempted under the TCHRA.

The principle that a comprehensive statutory remedy preempts common law causes of action was established in *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926). *Mingus* stated that "where a cause of ac-

tion and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable." 285 S.W. at 1087. That principle has been followed in subsequent Texas cases involving, for example, the Texas Catastrophe Property Insurance Pool Act, *Texas Catastrophe Property Insurance Association v. Council of Co-Owners of Saida II,* 706 S.W.2d 644 (Tex. 1986); the Texas Municipal Retirement System Act, *Merida v. Texas Municipal Retirement System,* 597 S.W.2d 55 (Tex. Civ.App.—Austin, 1980, no writ); and rulings of the Texas Railroad Commission, *Alpha Petroleum Co. v. Terrell,* 59 S.W.2d 364 (Tex.Comm.App.1933 as amended).

Defendant admits, however, that no Texas court has considered the question presented here, of whether the TCHRA preempts common law claims relating to alleged employment discrimination. To support its argument, defendant points to California cases interpreting the California Fair Employment and Housing Act as an exclusive remedy for discrimination claims, and suggests such logic is applicable here. The court is not persuaded by such analogy.

In the first place, the plain language of the TCHRA itself is permissive in nature, not mandatory. Section 6.01(a) of the TCHRA states:

A person claiming to be aggrieved by an unlawful employment practice, or that person's agent, *may* file with the commission a complaint ...

Tex.Rev.Civil Stat.Ann. art. 5221k, sec. 6.01(a) (emphasis added).

Further, section 6.01(f) disallows filing of such a complaint if *another* action is already pending. That section provides:

No person who has initiated any action in a court of competent jurisdiction or who has an action pending before any administrative agency under any other law or

---

**1.** Defendant recognizes that the TCHRA does not preempt, nor is it preempted by, the federal ADEA statute.

any local ordinance ... based on an act that would be an unlawful employment practice under this article may file a complaint under this section with respect to the same grievance.

*Id.*, at sec. 6.01(f).

Finally, the TCHRA also allows an individual who has filed an employment discrimination complaint with the Texas Human Rights Commission to pursue a private action in the courts if the Commission itself does not act positively on the complaint within a specified period. *Id.*, sec. 7.01(a).

Read as a whole, this statutory framework sketches a portrait of an optional rather than a mandatory vehicle for bringing employment discrimination claims under Texas law. Most importantly, subsection 6.01(f) would be superfluous if the Texas legislature intended the TCHRA to preempt common law causes of action. Moreover, rather than provide in section 6.01(a) that an aggrieved party "may" file a complaint, the legislature could have required that such a complaint "shall" be filed with the Commission, if any redress for the alleged wrong was to be sought. Finally, Section 1.03 requires that the TCHRA "shall be construed according to the fair import of its terms." In this court's reading, the statutory provisions described above do not reflect a legislative effort to preempt the common law through an exclusive and comprehensive statutory scheme.

In the face of the plain statutory language, and in the absence of any pronouncement on the matter by a Texas court, this court is unwilling to take the step requested by defendant. The court finds that plaintiff's state law claims are not preempted by the language of the TCHRA. Accordingly, defendant's motion for summary judgment in this respect must be denied.

III. *Claim for Breach of Contract*

■ Defendant next urges that summary judgment should be granted as to the breach of contract claim on the grounds that plaintiff was an at-will employee under Texas law and had no employment contract.

Plaintiff, on the other hand, has alleged the existence of an employment contract, in the form of a written compensation agreement signed by the parties. Complaint, ¶¶ 15–16. That agreement incorporates by reference certain company manuals and other documents, which plaintiff has alleged together promise not to discharge the plaintiff except for good cause. Complaint, ¶¶ 16–17; *see also* Declaration of William J. Carroll in Support of Motion for Summary Judgment, Appendix 12. Although the parties dispute whether the compensation agreement and the associated documents comprise an employment contract or not, and whether the company documents provide that dismissal may be only for good cause, unfortunately neither party has presented those associated documents to the court for its own inspection in connection with the present motion.[2]

Under Texas law, an employee is considered to serve at the will of the employer, unless the parties expressly contract otherwise. *East Line & Railroad Company v. Scott,* 72 Tex. 70, 10 S.W. 99 (1888); *Benoit v. Polysar Gulf Coast, Inc.,* 728 S.W.2d 403, 406 (Tex.App.–Beaumont, 1987); *Phillips v. Goodyear Tire and Rubber Co.,* 651 F.2d 1051, 1054–5 (5th Cir.1981). Several Texas cases have held that general company manuals or handbooks, if unaccompanied by express agreement or procedures for discharge of employees, do not constitute written employment agreements immune from the at-will rule. *Benoit, supra,* 728 S.W.2d at 405–06; *Vallone v. Agip Petroleum Co., Inc.,* 705 S.W.2d 757, 759 (Tex.App. 14 Dist.1986, writ ref. n.r.e.); *Reynolds Manufacturing Co. v. Mendoza,* 644 S.W.2d 536, 538–9 (Tex.App.–Corpus Christi, 1982, no writ). *See also Joachim v. A.T. & T. Information Systems,* 793 F.2d 113 (5th Cir.1986).

2. After this order was prepared, plaintiff filed a brief replying to defendant's reply brief, and attached some of the company materials in question. Those materials are not dispositive of either issue.

However, where company policies or manuals do contain procedures for termination of employees and expressly recognize an obligation to discharge only for good cause, a contract modifying the at-will rule may be found. *Aiello v. United Air Lines, Inc.*, 818 F.2d 1196, 1198–9 (5th Cir. 1987). The existence of such a contract is a question of fact. *Id.*, at 1199–1200. The evidence submitted by the parties is in dispute on this issue. Therefore, defendant's motion for summary judgment on plaintiff's second cause of action for breach of contract must be denied.

### IV. *Infliction of Emotional Distress*

Plaintiff's third cause of action—although hardly a model of clarity in pleading—alleges that the discriminatory firing intentionally or negligently caused him severe emotional distress. Defendant advances two grounds for summary judgment on this count: First, that discharge from employment cannot, as a matter of law, be the "outrageous conduct" necessary for the tort of infliction of emotional distress; and second, that plaintiff has failed to show evidence that he suffered the requisite "severe" emotional distress.

■ Defendant does not cite any Texas case to support his first contention that discharge from employment cannot legally be grounds for infliction of emotional distress. Such a proposition is incorrect, for Texas law recognizes the independent tort of intentional or negligent infliction of emotional distress. *Tidelands Auto Club v. Walters*, 699 S.W.2d 939 (Tex.Civ.App.–Beaumont 1985, writ ref. n.r.e.); *City of Austin v. Davis*, 693 S.W.2d 31 (Tex.Civ. App.–Austin 1985, writ ref. n.r.e.). It is clear that the circumstances surrounding the discharge of an employee may indeed provide sufficient basis for that independent tort. As one noted commentator has stated:

> The tort [of infliction of emotional distress] is an established one, with a life of its own, applying to an infinite variety of conduct not limited to discharge or even to the employment context. An at-will employee should not be required to suffer the consequences of conduct that

would be considered tortious in any other context, merely because it is coming from an employer. Indeed, the relationship between an employer and an at-will employee is one in which the employee is particularly vulnerable—a factor considered by some courts in finding the employer liable for outrageous conduct.

3A A. Larson, *Employment Discrimination*, § 119.20 at 26–64 (1987 ed.). Thus, the court rejects defendant's suggestion that plaintiff legally cannot bring a claim for infliction of emotional distress based upon his discharge.

■ However, the facts as alleged and shown by plaintiff in this case do not reveal conduct by the employer as heinous as in other cases where intentional infliction of emotional distress has been found. *See, e.g., Alcorn v. Ambro Engineering, Inc.*, 2 Cal.3d 493, 86 Cal.Rptr. 88, 468 P.2d 216 (1970); *Lucas v. Brown & Root, Inc.*, 736 F.2d 1202 (8th Cir.1984) (applying Arkansas law). The court is of the opinion that the plaintiff has failed to show conduct by the defendant sufficiently outrageous to make out a *prima facie* case of intentional infliction of emotional distress. Accordingly, the plaintiff's third cause of action will be dismissed insofar as it alleges intentional infliction of emotional distress.

Because outrageous conduct is not an element of negligent infliction of emotional distress, however, *St. Elizabeth Hospital v. Garrard*, 730 S.W.2d 649 (Tex.1987), the court must next turn to defendant's argument that the plaintiff has failed to show sufficiently severe emotional distress.

■ Whether plaintiff has suffered "severe" emotional distress due to his discharge is a question for the jury to determine if the court determines that plaintiff has made a legally cognizable showing of having suffered emotional distress. *Tidelands*, 699 S.W.2d at 945. The plaintiff has testified that his termination caused him to feel anger, depression, embarrassment, distress and shock. This showing is sufficient to go to the jury to determine whether the emotional distress allegedly suffered by the plaintiff was severe enough to warrant recovery under the tort of negligent inflic-

tion of emotional distress. *Id.* at 941, 945. Thus, defendant's motion for summary judgment on plaintiff's third cause of action must be denied insofar as plaintiff alleges negligent infliction of emotional distress.

### V. *Discrimination Under the ADEA*

 Finally, defendant moves for summary judgment on plaintiff's ADEA cause of action. Defendant claims the plaintiff has failed to make out a *prima facie* case of discrimination under the statute or, in the alternative, that he has failed to rebut the legitimate rationales defendant has offered for plaintiff's discharge.[3]

To the contrary, plaintiff has offered sufficient evidence in both respects to allow the case to go before the jury. Plaintiff has offered evidence that his discharge came not as a result of the reduction in force, but later. Plaintiff's Reply Br., at 13–14. Moreover, plaintiff has submitted sufficient evidence contesting defendant's assertions about the quality of his performance and his attitude to raise genuine dispute about those issues. *Id.* Since the facts and pleadings must be strictly construed against the party seeking summary judgment, defendant's. motion for summary judgment on plaintiff's first cause of action must be denied.

In accordance with the foregoing, it is

ORDERED that defendant's motion for summary judgment as to the plaintiff's first and second causes of action, and as to plaintiff's third cause of action insofar as it alleges negligent infliction of emotional distress, shall be, and it is hereby, DENIED. It is further

ORDERED that defendant's motion for summary judgment on plaintiff's third cause of action insofar as it alleges intentional infliction of emotional distress, shall be, and it is hereby, GRANTED. Further, it is

---

**3.** Defendant has articulated two legitimate reasons for plaintiff's discharge: First, that the discharge occurred in the course of a company-

ADJUDGED that the law of the State of Texas shall apply to plaintiff's second and third causes of action at trial.

wide reduction in force; and second, that plaintiff's performance and attitude toward his job were unsatisfactory.