TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00211-CV







Melva LaVern Preston, Appellant



v.



Texas County and District Retirement System, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 94-07213, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







PER CURIAM


 Appellant Melva LaVern Preston challenges the district court's judgment affirming
an order of appellee Texas County and District Retirement System ("the System"). We will affirm
the trial court order.



THE CONTROVERSY


 Preston's late husband was a Castro County employee and a member of the System
until his death in 1987. The Castro County Treasurer is the System's coordinator in Castro
County. System members receive all correspondence, including notice of interest earned, from
the treasurer. The treasurer mistakenly informed Preston that she could leave her husband's
retirement funds in the account for up to five years after her husband's death. From time to time,
Preston received notice of interest accruing in the account. Four years later, the treasurer advised
Preston that she could not leave the money in the account after her husband's death. After Preston
filed as beneficiary, the System paid the $10,501.00 that had accrued in her husband's account
to the time of his death. The amount in the account would have been $14,850.05 had Preston's
husband lived and remained a member until the date that she applied for his benefits. At issue is
whether the System must pay Preston the $4,349.05 difference between the amount accrued on
her husband's date of death and the amount that would have accrued over the four years.



DISCUSSION AND HOLDINGS


 Preston's petition averred two different causes of action. The first pleaded an
action to reverse the System's final order, and to remand the controversy to the System based
upon an error of law committed to her prejudice in the agency proceeding from which the order
was derived. See Tex. Gov't Code Ann. §§ 2001.171-178 (West Supp. 1996). No statute confers
upon a district court the power to review a System order and the court lacks subject-matter
jurisdiction to "interfere in an agency proceeding when no statute authorizes it." Employees
Retirement Sys. of Tex. v. Foy, 896 S.W.2d 314, 315-17 (Tex. App.--Austin 1995, writ denied).

 Preston's petition also alleged, however, a common law cause of action that the
System's action deprived her of property without due process of law, an action lying within the
original jurisdiction of the district court. See Stone v. Texas Liquor Control Bd., 417 S.W.2d
385, 385-86 (Tex. 1967); Chemical Bank & Trust Co. v. Falkner, 369 S.W.2d 427, 433 (Tex.
1963).

 Accordingly we hold the trial court lacked subject-matter jurisdiction over Preston's
first action and we will proceed to consider only her second cause of action. (1)

 By points of error one and three, (2) Preston contends that the district court erred in
upholding the System's order because its failure to pay her interest violates due process. First,
she argues she was deprived of procedural due process because she was not notified that interest
would not be paid on her husband's account after his death. She complains that instead the Castro
County Treasurer notified her that the money could remain in the retirement account and earn
interest for five years.

 Relevant portions of Texas Government Code section 844.401 provide:



(a) Except as provided by Subsection (c), if a member dies before retirement, a
lump-sum death benefit is payable from the employees saving fund in the
amount of:


 (1) the accumulated contributions in the member's individual account in
the fund; plus


 (2) interest computed from the beginning of the year in which death occurs
through the end of the month in which death occurs at the rate allowed on
member contributions during the preceding year.



Tex. Gov't Code Ann. § 844.401 (West 1994) (emphasis added). The System has interpreted
section 844.401 as preventing the payment of interest after the month of death. The System's
1985 employee handbook incorporated this interpretation:



In the event of the member's death, the member's beneficiary will receive all of
the member's deposits and interest earned thereon (with interest on the mean
balance allowed for the part of the year to the month of death) provided the
deceased member was not eligible for deferred service retirement benefits
discussed in Section 11. If the deceased member was not eligible for deferred
service retirement and had not designated a beneficiary, the member's deposits and
interest earnings are payable to his estate. A beneficiary or executor should make
immediate application for a refund of the deceased member's deposits and interest
earnings since no interest can be awarded the member's account past the first day
of the month of death.



(Emphasis added.)

 A person claiming benefits under a statute is charged with notice of its provisions. 
Gould v. City of El Paso, 440 S.W.2d 696, 699 (Tex. Civ. App.--El Paso 1969, writ ref'd n.r.e.). 
Procedural due process does not require more. Bank One Texas, N.A. v. Ameritrust Texas, N.A.,
858 S.W.2d 516, 521 (Tex. App.--Dallas 1993, writ denied). We conclude that Preston was not
deprived of procedural due process.

 Preston further claims that substantive due process requires that the System pay her
interest. First, she urges that we balance her "property right" to the $4,349.05 that would have
accrued with the benefit to the System of its interpretation of section 844.401. Second, she claims
that because the System allowed the county treasurer to act as its agent, substantive due process
requires that it pay her the interest that would have accrued.

 Preston relies on Sellers v. Harris County, 483 S.W.2d 242 (Tex. 1972), to support
her substantive due process claim. At issue in Sellers was the constitutionality of an interpleader
statute that required that the third party pay funds into the registry of the court, that the funds be
invested and that all interest on the funds be paid to the county. The Sellers court held that
earnings on the funds were an incident of ownership of the funds and that depriving the owner of
the interest violated due process rights under the Texas and U.S. Constitutions. Id. at 243-44;
see also Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 159, 162 (1980).

 We find Sellers distinguishable on two bases. First, although interest earned may
ordinarily be a common law incident of ownership, retirement benefits are based solely on statute. 
Merida v. Texas Mun. Retirement Sys., 597 S.W.2d 55, 57 (Tex. Civ. App.--Austin 1980, no
writ). The System interprets section 844.401 as precluding interest accruing after the date of
death. An agency's interpretation of the statutes it administers is entitled to deference, if it is
reasonable and does not contradict the language of the statute. Tarrant Appraisal Dist. v. Moore,
845 S.W.2d 820, 823 (Tex. 1993). The plain language of section 844.401 states that interest is
payable though the end of month in which the member died. Section 844.401 does not address
what happens after that time; however, the right to participate in a retirement system is based
solely on statute. Merida, 597 S.W.2d at 57. Also, the statutory creation of property interests
is strictly construed. State v. Standard, 414 S.W.2d 148, 153 (Tex. 1967). The fact that no
provision is made for the payment of interest accruing after that time implies that no interest is
allowed. We conclude that the System's interpretation of section 844.401 is reasonable and
comports with the language of the statute.

 Second, Preston was not required to leave the funds in the account. In fact,
according to the System's employee handbook, she was prohibited from so doing. (3) Because the
System did not require her to leave her funds with it, while retaining all the interest, Sellers is not
determinative. We overrule points of error one and three.

 By point of error two, Preston claims that the trial court erred in upholding the
examiner's finding that there was no evidence that the Castro County Treasurer was an agent of
the System with the authority to bind it. We address the point as it relates to Preston's
constitutional claim of a lack of fundamental fairness. The question whether an agency
relationship exists is a question of law based on facts adduced by the trier of fact; or, in this case,
facts stipulated by the parties. See State v. Keeton Packing Co., 487 S.W.2d 775, 779 (Tex. Civ.
App.--Amarillo 1972, writ ref'd n.r.e.); Minneapolis-Moline Co. v. Purser, 361 S.W.2d 239, 241
(Tex. Civ. App.--Dallas 1962, writ ref'd n.r.e.).

 A public officer's attempt to bind the government is ineffective if the officer is not
so authorized. State v. Ragland Clinic-Hospital, 159 S.W.2d 105, 106 (Tex. 1942); Fort Worth
Cavalry Club, Inc. v. Sheppard, 83 S.W.2d 660, 663 (Tex. 1935). No evidence indicates that the
county treasurer was authorized to bind the Board of Trustees by its interpretation of the law.

 Further, a governmental body will not usually be estopped by an unauthorized act. 
Bowman v. Lumberton Indep. Sch. Dist., 801 S.W.2d 883, 888 (Tex. 1990). An exception exists
that prevents the governmental unit from raising procedural defenses if it has misled the private
party. Roberts v. Haltom City, 543 S.W.2d 75, 80 (Tex. 1976). However, estoppel cannot create
substantive rights that otherwise would not exist. Capitol Rod & Gun Club v. Lower Colorado
River Auth., 622 S.W.2d 887, 896 (Tex. App.--Austin 1981, writ ref'd n.r.e.); see also City of
Hutchins v. Prasifka, 450 S.W.2d 829, 836 (Tex. 1970) (city not estopped to enjoin use of
property when zoning laws of city may not be changed by unauthorized resolution or changing
of zoning map); Hill Farm, Inc. v. Hill County, 436 S.W.2d 320, 324 (Tex. 1969) (county not
estopped from requiring removal of pipe simply because commissioner had wrongly authorized
its construction); Zachry v. City of San Antonio, 305 S.W.2d 558, 563 (Tex. 1957) (city not
estopped from denying validity of unauthorized lease). Preston cannot use estoppel to create a
right to receive interest that is not statutorily authorized. We overrule point of error two.



CONCLUSION


 We affirm the trial court's judgment.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: May 22, 1996

Do Not Publish 
1.   The parties submitted to the administrative agency and to the trial court an agreed
record that included a stipulation of facts. We analogize the record to an agreed case
under Texas Rule of Civil Procedure 263. See Tex. R. Civ. P. 263; see also Cobb v.
Harrington, 190 S.W.2d 709, 715 (Tex. 1945) (stipulation that shows controversy and facts
out of which it arose substantially complies with rule 263); Davis, 904 S.W.2d at 950-51
(stipulation may be treated as agreed case if parties stipulate all facts of an action). An agreed
case is generally part of the transcript rather than the statement of facts. Carroll v. Wied, 572
S.W.2d 93, 95 (Tex. Civ. App.--Corpus Christi 1978, no writ). The agreed statement of facts
was properly transmitted in the transcript.
2.   Point of error three asserts only that the controlling case law is Sellers v. Harris
County, 483 S.W.2d 242 (Tex. 1972). It is technically not a point of error because it does not
assign error to a particular ruling of the trial court. We will consider it with point one because
Sellers is the basis of the substantive due process claim raised by that point.
3.   Preston claims never to have received a copy of the employee handbook.



em's employee handbook, she was prohibited from so doing. (3) Because the
System did not require her to leave her funds with it, while retaining all the interest, Sellers is not
determinative. We overrule points of error one and three.

 By point of error two, Preston claims that the trial court erred in upholding the
examiner's finding that there was no evidence that the Castro County Treasurer was an agent of
the System with the authority to bind it. We address the point as it relates to Preston's
constitutional claim of a lack of fundamental fairness. The question whether an agency
relationship exists is a question of law based on facts adduced by the trier of fact; or, in this case,
facts stipulated by the parties. See State v. Keeton Packing Co., 487 S.W.2d 775, 779 (Tex. Civ.
App.--Amarillo 1972, writ ref'd n.r.e.); Minneapolis-Moline Co. v. Purser, 361 S.W.2d 239, 241
(Tex. Civ. App.--Dallas 1962, writ ref'd n.r.e.).

 A public officer's attempt to bind the government is ineffective if the officer is not
so authorized. State v. Ragland Clinic-Hospital, 159 S.W.2d 105, 106 (Tex. 1942); Fort Worth
Cavalry Club, Inc. v. Sheppard, 83 S.W.2d 660, 663 (Tex. 1935). No evidence indicates that the
county treasurer was authorized to bind the Board of Trustees by its interpretation of the law.

 Further, a governmental body will not usually be estopped by an unauthorized act. 
Bowman v. Lumberton Indep. Sch. Dist., 801 S.W.2d 883, 888 (Tex. 1990). An exception exists
that prevents the governmental unit from raising procedural defenses if it has misled the private
party. Roberts v. Haltom City, 543 S.W.2d 75, 80 (Tex. 1976). However, estoppel cannot create
substantive rights that otherwise would not exist. Capitol Rod & Gun Club v. Lower Colorado
River Auth., 622 S.W.2d 887, 896 (Tex. App.--Austin 1981, writ ref'd n.r.e.); see also City of
Hutchins v. Prasifka, 450 S.W.2d 829, 836 (Tex. 1970) (city not estopped to enjoin use of
property when zoning laws of city may not be changed by unauthorized resolution or changing
of zoning map); Hill Farm, Inc. v. Hill County, 436 S.W.2d 320, 324 (Tex. 1969) (county not
estopped from requiring removal of pipe simply because commissioner had wrongly authorized
its construction); Zachry v. City of San Antonio, 305 S.W.2d 558, 563 (Tex. 1957) (city not
estopped from denying validity of unauthorized lease). Preston cannot use estoppel to create a
right to receive interest that is not statutorily authorized. We overrule point of error two.



CONCLUSION


 We affirm the trial court's judgment.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: May 22, 1996

Do Not Publish 
1.   The parties submitted to the administrative agency and to the trial court an agreed
record that included a stipulation of facts. We analogize the record to an agreed case
under Texas Rule of Civil Procedure 263. See Tex. R. Civ. P. 263; see also Cobb v.
Harrington, 190 S.W.2d 709, 715 (Tex. 1945) (stipulation that shows controversy